# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIFFANI JONES,<br>    Plaintiff<br><br>v.<br><br>NVR INCORPORATION,<br>    Defendant | Civil Action No. 20-453 (CKK) |

## MEMORANDUM OPINION
(April 29, 2020)

Plaintiff, Tiffani Jones, entered into a contract with Defendant, NVR Incorporation, for the construction of a new home. Less than a year after construction of the home was completed, Plaintiff alleges that she discovered leaks in her home's plumbing. Plaintiff claims that these leaks led to toxic mold and resulted in damages to her family's health and to the value of her home. As a result, Plaintiff brings claims against Defendant for breach of contract, fraud, negligence, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, violation of the D.C. Consumer Protection Procedures Act ("DCCPPA"), and strict liability. Defendant has moved to dismiss each of Plaintiff's claims for various reasons.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT IN PART and DENY WITHOUT PREJUDICE IN PART Defendant's Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mem. of Points and Authorities in Support of Mot. to Dismiss Compl. ("Def.'s Mot."), ECF No. 9;
- Pl.'s Mem. of Points and Authorities in Support of Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 11; and
- Def.'s Reply Mem. in Support of. Mot. to Dismiss Compl. ("Def.'s Reply"), ECF No. 19.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

Count 2 claim for fraud, Count 3 claim for negligence, and Count 4 claim for negligent misrepresentation because the allegations underlying these claims are founded on the alleged breach of contract and do not state a claim in tort. The Court further DISMISSES WITH PREJUDICE Plaintiff's Count 6 claim for a breach of the implied warranty of merchantability because that provision does not apply to immovable property and because Plaintiff's contract excludes all express and implied warranties not specified.  Finally, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Count 7 claim for a violation of the DCCPPA because Plaintiff has failed to allege that she was damaged by the violation and has otherwise failed to state a claim for which relief may be granted. Based on the current record, the Court otherwise DENIES WITHOUT PREJDUICE Defendant's Motion.[2]

## I. BACKGROUND

For the purposes of the Motion before the Court, the Court accepts as true the well-pled allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiff alleges that on February 28, 2016, she entered into a contract with Defendant for the construction of a new home. Compl., ECF No. 1-1, ¶ 5. The Purchase Agreement was executed on February 29, 2016. *Id.* The Purchase Agreement included the purchase of a lot in a

---

[2] The Court notes that there is a dispute between the parties as to whether or not the Court can consider, on a motion to dismiss, certain exhibits attached to Plaintiff's Opposition. However, throughout this Memorandum Opinion, the Court considers only the parties' contract and the limited warranty provisions, which both parties agree are incorporated into the Complaint. Because the Court does not consider any disputed documents in resolving Defendant's Motion, the Court need not rule on this dispute at this time.

subdivision as well as a particular model of home to be built on the lot. *Id.* According to

Plaintiff, home construction began July 6, 2016 and completed September 12, 2016. *Id.*

Plaintiff, her husband, and two children moved into the home on November 3, 2016. *Id.*

at ¶ 6. Plaintiff contends that she discovered leaks in the plumbing of her home in February

2017. *Id.* Plaintiff states that she reported the leaks to Defendant on February 17, 2017 and that

she allowed Defendant access to her home more than twelve times in an attempt to make repairs.

*Id.* However, the leaks continued. *Id.*

Plaintiff claims that on October 29, 2019, she had a mold inspection performed and

discovered toxic mold in her home. *Id.* at ¶ 7. She further claims on that November 6, 2019, she

hired a contractor to assess the safety of her home and structural defects were discovered. *Id.*

Plaintiff claims that the toxic mold led to medical bills for the entire family as well as a reduction

in the value of her home. *Id.*

On January 23, 2020, Plaintiff filed this lawsuit in the Superior Court for the District of

Columbia. *See generally* Compl., ECF No. 1-1. On February 18, 2020, Defendant removed the

case to this Court. And, on February 26, 2020, Defendant filed a Motion to Dismiss. ECF No. 9.

That Motion is currently pending before the Court.

Plaintiff makes eight claims for relief in her Complaint.

- Count One- Breach of contract;

- Count Two- Fraud;

- Count Three- Negligence;

- Count Four- Negligent misrepresentation;

- Count Five- Breach of express warranty;

- Count Six- Breach of implied warranty of merchantability;

- Count Seven- Violation of DCCPPA; and

- Count Eight- Strict Liability.

Compl., ECF No. 1-1, ¶¶ 8-15. Defendant moves to dismiss each claim.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules require that a complaint include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 556, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Defendant moves to dismiss each of the claims in Plaintiff's Complaint. The Court will address each claim in turn.

### A.  Count 1- Breach of Contract

In Count 1, Plaintiff brings a claim for breach of contract. Plaintiff alleges that she and Defendant entered into a written agreement for the sale and purchase of a newly-constructed home. Compl., ECF No. 1-1, ¶ 8. Plaintiff alleges that she performed under the contract, but Defendant "breached its contractual obligation by failing to build a structurally safe and sound residence." *Id.* Specifically, Plaintiff contends that the plumbing began to leak less than a year after the house was constructed, causing toxic mold which damaged her family's health and reduced the marketability of the property. *Id.* Defendant moves to dismiss this claim, arguing that the contract did not require a structurally safe and sound residence and that Plaintiff has not alleged a specific term of the agreement which was breached.

In order to state a claim for breach of contract, a plaintiff must allege "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Plaintiff's Complaint is sparse on details and not a model of clarity. However, the Court finds that Plaintiff has pled the required elements for a breach of contract claim. Plaintiff has pled that she and Defendant entered into a contract for a newly constructed home. She has further pled that Defendant "had a contractual duty to build a structurally sound, safe property, suitable for use by Ms. Jones and her family." Compl., ECF No. 1-1, ¶ 8. Plaintiff claims that this duty was breached when Defendant constructed a "defective" property which had leaks in the plumbing. *Id.* Plaintiff states that this breach in duty caused damage to her family's health

and to the marketability of her property. *Id.* While Defendant is correct that Plaintiff has not cited

a particular provision of the contract which was breached, Plaintiff has satisfied the standards for

notice pleading. *See Truesdale v. Mountain Productions, Inc*., 292 F. Supp. 3d 195, 202 (D.D.C.

2017) (requiring that the plaintiff state the terms of the contract and how the defendant breached

those terms); *Ponder v. Chase Home Fin., LLC*, 865 F. Supp. 2d 13, 19 (D.D.C. 2012) (denying

a motion to dismiss breach of contract claim where the complaint identified the parties and

material terms of the contract and alleged facts relating to the breach); *compare with Edmond v.*

*Am. Educ. Servs*., No. 10-578, 2010 WL 4269129, at *2 (D.D.C. Oct. 28, 2010) (dismissing

claim where the plaintiff alleged that the defendant breached its contractual duty but did not

allege the existence of a contract). In making this determination, the Court is guided by the

United States Supreme Court's admonition that "a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

Defendant further contends that Plaintiff's allegation that Defendant breached its duty to

build a structurally sound, safe residence through the existence of leaks in the plumbing is not

supported by the express terms of the Agreement and Limited Warranty. Because the Complaint

cites and relies on the Agreement and Limited Warranty, the Court may consider the documents

on a motion to dismiss. *Ward v. D.C. Dep't of Youth Rehab. Servs*., 768 F. Supp. 2d 117, 119

(D.D.C. 2011).

Specifically, Defendant cites Paragraph 1 of the agreement which states "[t]he Home will

be constructed as shown on the construction drawings (or blueprints), the grading plan, floor

plans and other plans related to the construction of the Home." Ex. A, ECF No. 9-2, ¶ 1.

According to Defendant, the only contractual duty was to build a house in accordance with the

plans and specifications. However, at the motion to dismiss stage, the Court will not decide if the

plans and specifications required that the plumbing not leak. On a motion to dismiss, the Court accepts Plaintiff's well-pled allegations as true. Plaintiff has alleged that the contract required that the house be constructed in a non-defective manner, and, at this stage in the litigation, the Court accepts this allegation as true.

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiff's Count 1 claim for breach of contract.

## B. Count 2- Fraud

In Count 2, Plaintiff brings a claim of fraud. Plaintiff alleges that the plumbing which was installed throughout her house, especially in the master bathroom, was dangerously defective. Compl., ECF No. 1-1, ¶ 9. Plaintiff alleges that Defendant was aware of the defects and "created the perfect means to conceal them." *Id.* Plaintiff contends that Defendant performed the inspection of the property, "thereby allowing it to conceal the defects and 'pass' inspection." *Id.* Plaintiff further alleges that Defendant performed the appraisal and acted as the mortgage company. *Id.* Defendant argues that this claim should be dismissed because Plaintiff fails to meet the heightened pleading standard for fraud and because the claim is completely predicated on her breach of contract claim. The Court agrees.

"Under D.C. law, '[t]he essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation.'" *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 275 (D.D.C. 2011) (quoting *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1074 n.22 (D.C. 2008)). Allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud"). The circumstances that a plaintiff must plead

with particularity "include matters such as the time, place and content of the false misrepresentations; the misrepresented fact; and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *McQueen v. Woodstream Corp.*, 248 F.R.D. 73, 77 (D.D.C.2008) (citations omitted). "In other words, Rule 9(b) requires that the pleader provide the 'who, what, when, where, and how' with respect to the circumstances of the fraud." *Id.* (citations omitted).

Here, Plaintiff alleges that fraud occurred when Defendant constructed a house with defects and concealed those defects by conducting a property inspection in which the house passed inspection. Compl., ECF No. 1-1, ¶ 9. This general allegation fails to establish the "who, what, when, where, and how" of the fraud. Plaintiff does not make any allegations about the specific content of the false misrepresentations as required by the heightened pleading standard for fraud. *See Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 223 (D.D.C. 2014) (concluding that plaintiff's "single conclusory reference to fraud misses the mark for notice pleading under Rule 8, let alone the heightened pleading standard required for fraud claims under Rule 9(b)"). Additionally, the Court notes that Plaintiff does not even make the conclusory allegation that she took any particular action in reliance upon this alleged fraud.

The Court further finds that Plaintiff's fraud claim should be dismissed because it is predicated upon her breach of contract claim. The Court notes that Defendant raised this ground for dismissal in its Motion. Def.'s Mot., ECF No. 9, 10. However, Plaintiff failed to respond, in any manner, to the argument. *See generally*, Pl.'s Opp'n, ECF No. 11.

"District of Columbia law requires that the factual basis for a fraud claim be separate from any breach of contract claim that may be asserted." *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 113 (D.D.C. 2010); *see Choharis v. State Farm Fire and Cas. Co.*, 961 A.2d 1080, 1089

(D.C. 2008) ("[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship."). In order to establish a separate claim of fraud, "[t]he tort must stand as a tort even if the contractual relationship did not exist" and the fraud claim must be such that "an action for breach of contract would reach none of the damages suffered by the tort." *See Choharis*, 961 A.2d at 1089.

Here, Plaintiff's allegations of fraud mirror her allegations of breach of contract. Plaintiff alleges that her contract with Defendant required Defendant "to build a structurally sound, safe property, suitable for use by Mrs. Jones and her family." Compl., ECF No. 1-1, ¶ 8. She further alleges that the contract required that there be no structural defects, such as leaks. *Id.* The fraudulent statements which are alleged relate to statements that the house did not have structural defects. *Id.* at ¶ 9. These alleged fraudulent statements regarding the house's structural integrity directly involve the alleged requirements of the parties' contract. *See Morir Servs., Inc. v. Ekwuno*, 191 F. Supp. 3d 98, 111-13 (D.D.C. 2016) ("The plaintiff's allegations of fraud in this case are inseparable from the breach of contract allegations and directly involve duties expressly contemplated by the contract."); *see also Choharis*, 961 A.2d at 1090 ("a duty of State Farm to be accurate in its assessment of the mold condition would flow basically from the contractual relationship"). Plaintiff states no legal duty, aside from a contractual duty, for Defendant to construct a defect-free home.

Accordingly, because Plaintiff has failed to meet the heightened pleading standard for fraud and because Plaintiff's allegations are fraud are predicated upon Defendant's contractual duties, the Court GRANTS Defendant's motion and DISMISSES WIHTOUT PREJUDICE Plaintiff's Count 2 claim for fraud.

### C. Count 3- Negligence

In Count 3, Plaintiff brings a claim for negligence. Plaintiff alleges that Defendant had a duty "to design, build and construct the property in a structurally sound and workmanly manner." Compl., ECF No. 1-1-, ¶ 10. Plaintiff claims that Defendant breached this duty by designing and building a defective house. Plaintiff further alleges that the structural defects in the property caused Plaintiff and her family injuries due to the growth of toxic mold which harmed her family's health and damaged the value of the property. *Id.* Defendant argues that this claim should be dismissed because Plaintiff failed to allege specific facts supporting the elements of negligence and because her negligence claim is predicated on a contractual duty. The Court will address each argument in turn.

First, Defendant requests dismissal of Plaintiff's negligence claim due to Plaintiff's failure to plead the elements of negligence with specificity. In order to state a claim for negligence, the plaintiff must allege that "(1) the defendant owed a duty to the plaintiff, (2) the defendant breached its duty, (3) and that breach was the proximate cause of (4) damages sustained by the plaintiff." *Busby*, 772 F. Supp. 2d at 283 (citing *Powell v. D.C.*, 634 A.2d 403, 406 (D.C. 1993)). Again, while Plaintiff's Complaint is sparse on details, the Court concludes that Plaintiff has pled the basic elements of a negligence claim. Plaintiff states that Defendant had a duty to construct a structurally sound property, that the duty was breached when Defendant designed a defective house with leaks, and that the breach led to toxic mold which caused damages to Plaintiff's family and to the value of her property. Compl., ECF No. 1-1, ¶ 10. Accordingly, the Court finds that dismissal is not proper on this ground. *See Twombly*, 550 U.S. at 555 (explaining that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

Second, Defendant argues that dismissal is proper because Plaintiff has failed to allege a duty separate and distinct from Defendant's contractual duty. Defendant raised this argument for dismissal in its Motion. Def.'s Mot., ECF No. 9, 11. However, Plaintiff failed to respond to this argument. *See generally* Pl.'s Opp'n, ECF No. 11.

"[T]he mere negligent breach of a contract ... is not enough to sustain an action sounding in tort." *Hunter ex rel. A.H. v. D.C.*, 64 F.Supp.3d 158, 186 n.18 (D.D.C. 2014) (quoting *Curry v. Bank of Am. Home Loans Servicing*, 802 F. Supp. 2d 105, 109 (D.D.C. 2011)). In order to state a negligence claim, Plaintiff must establish a "duty or obligation imposed by law independent of that arising out of the contract itself." *Towers Tenant Ass'n, Inc. v. Towers Ltd. Partnership*, 563 F. Supp. 566, 570 (D.D.C. 1983). As such, the question is whether or not Plaintiff has alleged a legal duty, independent of the contractual duty, to build a structurally safe and sound home. And, due in part to the sparse nature of Plaintiff's Complaint, the Court finds that she has not. *See* Pl.'s Opp'n, ECF No. 11, 11 ("Defendant breached its duty to Plaintiff by failing to provide the product (i.e. a structural safe and sound house) which Plaintiff paid for."). Plaintiff has not alleged a special relationship between herself and Defendant nor has she alleged an independent legal duty. *Towers Tenant Ass'n,*, 563 F. Supp. at 570 (finding an independent legal duty where the plaintiff alleged specific assurances by defendant and specific statutory rights relinquished by the plaintiff which went beyond the contractual terms); *see also Curry*, 802 F. Supp. 2d at 109 (finding no independent duty for a negligence claim where defendant "negligently" rejected a notarization of a contract).

Given Plaintiff's failure to allege facts to support an independent legal duty, the Court finds that Plaintiff has failed to allege a negligence claim separate from her breach of contract

claim. Accordingly, the Court GRANTS Defendant's motion and DISMISSES WIHTOUT

PREJUDICE Plaintiff's Count 3 claim for negligence.

### D.  Count 4- Negligent Misrepresentation

In Count 4, Plaintiff makes a claim for negligent misrepresentation. Plaintiff alleges that

Defendant made false representations of material fact when it "knowingly misrepresented the

quality and character of the property's structural foundation." Compl., ECF No. 1-1, ¶ 11.

Plaintiff further contends that Defendant knew or should have known that she would rely "upon

its promise to perform under the contract." *Id.* Despite this knowledge, Defendant

"intentional[ly] fail[ed] to perform under the contract" causing Plaintiff injury. *Id.* The Court

finds that dismissal of this claim is appropriate on at least two grounds.

First, Plaintiff brings a claim for negligent misrepresentation, but states that Defendant's

actions were intentional. To state a claim for negligent misrepresentation, Plaintiff must allege

that "(1) the defendant negligently communicated false information, (2) the defendant intended

or should have recognized that the plaintiff would likely be imperiled by action taken in reliance

upon his misrepresentation, and that (3) the plaintiff reasonably relied upon the false information

to his detriment." *Ponder*, 865 F. Supp. 2d at 20 (citing *Hall v. Ford Enter., Ltd.*, 445 A.2d 610,

612 (D.C. 1982)). In her Complaint, Plaintiff does not allege that Defendant engaged in any

negligent conduct. Instead, Plaintiff alleges that Defendant misrepresented the quality and

character of the property's structural foundation and then "intentional[ly] fail[ed] to perform

under the contract." Compl., ECF No. 1-1, ¶ 11. Intentional conduct cannot form the basis of a

negligence claim. *Comer v. Well Fargo Bank, N.A.*, 108 A.3d 364, 374 n.14 (D.C. 2015)

(explaining that "appellant would be alleging negligent misrepresentation based on intentional

conduct, and the claim would fail to state a claim for relief").

Second, in its Motion, Defendant argued that Plaintiff's negligent misrepresentation claim should be dismissed because it is founded on her breach of contract claim. Def.'s Mot., ECF No. 9, 11-12. Again, Plaintiff failed to respond to this argument in her Opposition. *See generally* Pl.'s Opp'n, ECF No. 11.

"[C]onduct occurring during the course of a contract dispute may be the subject of a … negligent misrepresentation claim when there are facts separable from the terms of the contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself, so that an action for breach of contract would reach none of the damages suffered by the tort." *Choharis*, 961 A.2d at 1089. As the Court has previously explained, Plaintiff's sparse Complaint alleges no duty owed by Defendant to Plaintiff outside of an alleged contractual duty to build a safe and structurally sound home. *See Supra* Sec. III.C. And, here, Defendant's alleged negligent statement relates directly to its contractual duties— Plaintiff states that Defendant "knew or should have known that Mrs. Jones would rely, to her detriment, upon its promise to perform under the contract." Compl., ECF No. 1-1, ¶ 11; *see Choharis*, 961 A.2d at 1089 (finding no negligent misrepresentation claim where "statements and any duty with respect thereto related directly to the question of interim living expenses provided for in the contract"). As such, Plaintiff's negligent misrepresentation claim is derivative of her breach of contract claim.

Accordingly, because Plaintiff's negligent misrepresentation claim is predicated on intentional conduct and is based upon Defendant's contractual duties, the Court GRANTS Defendant's motion and DISMISSES WIHTOUT PREJUDICE Plaintiff's Count 4 claim for negligent misrepresentation.

**E. Count 5- Breach of Express Warranty**

In Count 5, Plaintiff brings a claim for the breach of express warranty. Plaintiff contends that Defendant is in breach of multiple express limited warranties in the "Sales Contract and Public Offering Statement." Compl., ECF No. 1-1, ¶ 12. For example, Plaintiff alleges that Defendant is in breach of the express limited warranty in the purchase agreement by failing to accept responsibility for necessary repairs of structural defects. *Id.* Plaintiff further alleges that Defendant violated the one-year limited warranty because leaks appeared within the one-year period meaning that her home was not free from defects in materials and workmanship for the first year. *Id.* Plaintiff also claims that Defendant violated its two-year limited warranty for mechanical systems and its ten-year limited warranty for major structural defects. *Id.* Defendant argues that this claim should be dismissed because Plaintiff's Complaint contains no other reference to a "Sales Contract and Public Offering Statement" and because "[t]he Complaint simply fails to inform NVR and the Court what warranty, and what terms of the warranty, NVR allegedly breached, and how it breached any term." Def.'s Mot., ECF No. 9, 12.

The Court finds that Plaintiff has pled a claim for breach of warranty. Again, the Court notes that Plaintiff's Complaint is sparse on details and somewhat difficult to understand. However, it appears that Plaintiff bases this claim on alleged breaches of the Homeowner Limited Warranty. Because the Complaint cites and relies on the Agreement and Limited Warranty, the Court may consider the documents on a motion to dismiss. *Ward*, 768 F. Supp. 2d at 119 (D.D.C. 2011).

Pursuant to the one-year limited warranty, Defendant agreed that the home "will be free from defects in materials and workmanship of the original construction for a period of one (1) year from the Warranty Date." Homeowner Limited Warranty, 9-3, ¶ 3. Pursuant to the two-year

14

limited warranty, Defendant agreed that "the installation of the plumbing, electrical, and HVAC systems will be free from defects in workmanship of the original installation which appear at any time within two (2) years after the Warranty Date." *Id.* at ¶ 4. Under the ten-year limited warranty, Defendant agreed that "the Home will be free from major structural defects in the materials or workmanship of the original construction which appear any time within ten (10) years after the Warranty Date, and which significantly affect the load-bearing functions of the Home or otherwise render it unsuitable for residential purposes." *Id.* at ¶ 5. Finally, Defendant warranted that if the builder is responsible for a violation of these limited warranties, "the Builder will repair, replace, or pay the reasonable cost of repairing or replacing the defective component." *Id.* at ¶ 8.

In her Complaint, Plaintiff alleges that each of these express warranties were breached when the home developed un-repaired leaks in the plumbing within one year, ultimately leading to toxic mold causing Plaintiff to move and the marketability of the home to decrease. Compl., ECF No. 1-1, ¶ 12. The Court finds that Plaintiff has pled the existence of express warranties, obligations arising out of those express warranties, breaches of those express warranties, and damages resulting from those breaches. While it is certain that Plaintiff's Complaint would have benefited from increased detail, the Court finds that these allegations are sufficient at the motion to dismiss stage.

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiff's Count 5 claim for breach of express warranty.

## F.   Count 6- Breach of Implied Warranty of Merchantability

In Count 6, Plaintiff brings a claim for the breach of the implied warranty of merchantability. Plaintiff alleges that Defendant is a merchant with respect to newly-constructed

homes and is liable under the implied warranty of merchantability for the properties it builds and sells. Compl., ECF No. 1-1, ¶ 13. Defendant argues for dismissal on two grounds. First, Defendant contends that the implied warranty of merchantability does not apply to real property. Second, Defendant argues that the parties' agreement excluded all warranties except the express limited warranties. The Court agrees on both grounds.

In its Motion, Defendant argued that Plaintiff's Count 6 claim should be dismissed because the implied warranty of merchantability does not apply to real property. Def.'s Mot., ECF No. 9, 14. Plaintiff failed to respond to this argument. *See generally* Pl.'s Opp'n, ECF No. 11.

Pursuant to D.C. Code, "[u]nless excluded or modified …, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." D.C. Code § 28:2-314. This provision requires a sale of "goods." The relevant provision of the D.C. Code defines "goods" as "all things (including specially manufactured goods) which are moveable at the time of identification to the contract for sale." D.C. Code § 28:2-105(1); *see also* D.C. Code 28:2-107 (distinguishing sale of removable structures and goods from the sale of realty). Plaintiff's home was not movable, so it does not qualify as goods subject to the implied warranty of merchantability.

As an additional ground for dismissal, the D.C. Code expressly states that the warranty of merchantability can be "excluded or modified." D.C. Code § 28:2-314. The implied warranty of merchantability can be excluded if the "language … mention[s] merchantability and in case of a writing [is] conspicuous." D.C. Code § 28:2-316(2). Alternatively, "all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that

there is no implied warranty." D.C. Code § 28:2-316(3)(a). Here, the purchase agreement states

in all capital letters that "purchaser is purchasing the property 'as is' and 'where is.'" Purchase

Agreement, ECF No. 9-2, ¶ 6. Additionally, the express warranty provision states "[t]here is no

express warranty of any kind, or implied warranty obligation (including, but not limited to, any

implied warranty of merchantability, habitability, or fitness for a particular purpose) given or

undertaken by the Builder in connection with the construction or sale of the Home, and relating

to the quality or condition of any part of the Home, except for this Warranty." Limited Warranty,

ECF No. 9-3, ¶ 10b. As such, even if the implied warranty of merchantability applied to

Plaintiff's home, the parties' contract expressly excluded the warranty.

 Accordingly, Plaintiff's Count 6 implied warranty of merchantability claim is

DISMISSED WITH PREJUDICE because the implied warranty of merchantability does not

apply to Plaintiff's home, and, even if it did, the parties' contract excluded the warranty.

**G.  Count 7- DCCPPA Claim**

 In Count 7, Plaintiff brings a claim under the DCCPPA. Plaintiff claims that Defendant

violated D.C. Code § 28-3904(a) by making a representation "that goods or services have …

characteristics … or qualities that they do not have," § 28-3904(d) by making a representation

"that goods or services are of a particular standard, quality, grade, style, or model, [when] in fact

they are of another," § 28-3904(e) by making a "misrepresentation as to a material fact which

has a tendency to mislead," § 28-3904(f) by failing "to state a material fact if such failure tends

to mislead," and § 28-3904(r)(5) by engaging in an unconscionable contract. In support of these

claims, Plaintiff alleges that Defendant "sold a new house and warranted that it was structurally

sound and had been built with good workmanship. In fact, that was not the case." Compl., ECF

No. 1-1, ¶ 14. Additionally, Plaintiff alleges that the contract was an unconscionable adhesion

contract which took advantage of Plaintiff's ignorance and required her to waive rights of redress. *Id.*

Defendant argues that Plaintiff's claim under the DCCPPA should be dismissed on multiple grounds. In her Opposition, Plaintiff does not address any of these arguments and merely restates the statutory language and the allegations in the Complaint. Pl.'s Opp'n, ECF No. 11, 14.

The Court finds that Plaintiff's DCCPPA claim is insufficiently pled. Plaintiff makes only two factual allegations in asserting this claim. First, Plaintiff states that Defendant "sold a new house and warranted that it was structurally sound and had been built with good workmanship. In fact, that was not the case." Compl., ECF No. 1-1, ¶ 14. Second, Plaintiff states that the contract was unconscionable because it "took advantage of [her] ignorance" and "required [her] to waive every conceivable right she has to seek redress of the wrongs she suffered." *Id.* Notably, Plaintiff does not even make the conclusory allegation that she was damaged by these purported violations of the DCCPPA. Plaintiff does not state that she would have acted differently absent Defendant's warranty that the house was structurally sound. In fact, based on Plaintiff's language choice, it appears that this warranty came after the house had already been purchased and built. Compl., ECF No. 1-1, ¶ 14 (explaining that Defendant "warranted that it *was* structurally sound *and had been built* with good workmanship" (emphasis added)). If these statements about the soundness and the workmanship of the house came after the house was already purchased and built, it is unclear how the statements could have caused Plaintiff damage.

The Court acknowledges that the DCCPPA can be violated "whether or not any consumer is in fact misled, deceived or damaged thereby." D.C. Code § 28-3904. However, a

Plaintiff must still establish damages as a result of the unlawful trade practice in order to assert a DCCPPA claim. *See Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 99 (D.D.C. 2010); *see also Williams v. Purdue Pharma Co*., 297 F. Supp. 2d 171, 177 (D.D.C. 2003) (finding the plaintiff had no standing to bring a DCCPPA claim where plaintiff had not been injured by the trade practice); *Robinson v. Deutsche Bank Nat. Trust Co*., 932 F. Supp. 2d 95, 108 (D.D.C. 2013) (dismissing DCCPPA claim where there plaintiff "has failed to explain what actions he would have taken if he had been aware of defendants' alleged misrepresentations … [and] he has failed to allege any facts that plausibly demonstrate that he has been damaged by defendants' alleged misrepresentations"); *Muldrow v. EMC Mortgage Corp*., 766 F. Supp. 2d 230, 235 (D.D.C. 2011) (granting summary judgment on plaintiff's DCCPPA claim where the plaintiff did not "set forth any facts demonstrating any correlation between her claimed damages and [the defendant's] alleged DCCPPA violations").

The Court further notes that the dearth of Plaintiff's factual allegations in support of her claim is further cause for dismissal. Plaintiff claims only that Defendant "sold a new house and warranted that it was structurally sounds and had been built with good workmanship. In fact, that was not the case." Compl., ECF No. 1-1, ¶ 14. This conclusory and unsupported allegation is not sufficient to state a claim for a violation of the DCCPPA under even notice pleading standards. And, at least some courts have held that violations of the DCCPPA are held to a heightened pleading standard as they relate to fraudulent averments. *See Witherspoon v. Philip Morris, Inc*., 964 F. Supp. 455, 464 (D.D.C. 1997) (holding that plaintiff failed to plead DCCPPA claim with particularity); *Alvarez v. Ins. Co. of N. Am*., No, 06-4326, 2006 WL 3702641, at *4 (E.D. Pa. Dec. 12, 2006) (explaining that same pleading standard for fraud applies to DCCPPA claims); *Jefferson v. Collins*, 905 F. Supp. 2d 269, 289 (D.D.C. 2012) (applying Rule 9(b)'s heightened

pleading standard to dismiss DCCPPA claims). Plaintiff's claim under the DCCPPA is simply too devoid of factual allegations to establish a violation and damages from that violation.

As Plaintiff's claim for unconscionability is slightly different than her claims for misrepresentation and omission of facts, the Court will further address the alleged violation of § 28-3904(r)(5). Under that section a party cannot "make or enforce unconscionable terms or provisions of sales" when "the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reasons of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement." D.C. Code § 28-3904(r)(5). Plaintiff makes the conclusory allegation that Defendant took advantage of her ignorance. However, Plaintiff makes no allegation that Defendant knew or had any reason to know that Plaintiff was ignorant. And, Plaintiff fails to explain in what way she was ignorant and unable "reasonably to protect [her] interests." *Id.; see Hughes v. Abell*, 634 F. Supp. 2d 110, 114 (D.D.C. 2009 ) (dismissing DCCPPA claim where the "misunderstanding does not suggest an inability to understand [the contract's] terms, which is critical to this factor"); *Grayson v. AT&T Corp.*, 15 A.3d 219, 252 (D.C. 2011) (finding "conclusory allegations pertaining to vulnerable members of the District's population" insufficient to state a DCCPPA claim).

For these reasons, the Court finds that Plaintiff has failed to state a claim under the DCCPPA and DISMISSES WITHOUT PREJUDICE Plaintiff's Count 7 claim.

## H.  Count 8- Strict Liability

In Count 8, Plaintiff brings a claim for strict liability. Plaintiff states that Defendant "is a merchant engaged in the practice of building and selling residential property. The property which it built and sold to Mrs. Jones was defective and caused her injuries." Compl., ECF No. 1-1, ¶ 15. Defendant moves for dismissal of this claim on two grounds. First, Defendant argues that

Plaintiff's claim is devoid of factual allegations. Second, Defendant contends that "plaintiff's potential strict liability claim is duplicative of, and subsumed within, a claim for breach of warranty." Def.'s Mot., ECF No. 9, 18. The Court will address each argument.

First, Defendant faults Plaintiff for not making clear whether she asserts a manufacturing defect, design defect, or an insufficient warning. To state a claim for strict liability, a plaintiff must plead that "(1) the seller was engaged in the business of selling the product that caused the harm; (2) the product was sold in a defective condition unreasonably dangerous to the consumer or use; (3) the product was one which the seller expected to and did reach the plaintiff consumer or user without any substantial change from the condition in which it was sold; and (4) the defect was a direct and proximate cause of the plaintiff's injuries." *Warner Fruehauf Trailer Co., Inc. v. Boston*, 654 A.2d 1272, 1274 (D.C. 1995).

Here, Plaintiff has alleged that Defendant is a merchant engaged in the practice of building and selling homes. Compl., ECF No. 1-1, ¶ 15. Plaintiff has further alleged that the property was defective when it was sold, due to leaks in the plumbing, and that the defects caused her injuries. Again, while Plaintiff's Complaint is sparse on details, the Court finds that Plaintiff has alleged facts sufficient to state a claim for strict liability. *Twombly*, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

Second, Defendant alleges that Plaintiff's strict liability claim is subsumed by her breach of warranty claim. This argument fails for two reasons. First, the Court has already dismissed Plaintiff's implied warranty claim. *See Supra* Sec. III.F. And, Plaintiff's breach of limited warranty claim is based on contractual provisions which are not implicated by a strict liability claim. Second, it appears that the torts of strict liability and implied warranty merge only when

"privity of contract is absent." *In re Fort Totten Metrorail Cases Arising out of the Events of June 22, 2019*, 793 F. Supp. 2d 133, 152 (D.D.C. 2011); *see also Liberty Mut. Ins. Co. v. Equip. Corp. of Am.*, 646 F. Supp. 2d 51, 56 (D.D.C.2009) (construing implied warranty and strict products liability claims as a single tort where the plaintiff and manufacturer were not in privity of contract). Here, Plaintiff and Defendant are in privity of contract, so it would appear that the two torts do not merge. *Potomac Plaza Terraces, Inc. v. QSC Prods., Inc.*, 868 F. Supp. 346, 350-52, 354 (D.D.C. 1994) (permitting strict liability and implied warranty claims where the parties had a contractual relationship).

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiff's Count 8 claim for strict liability.

## I.  Damages

The Court notes that in its Motion, Defendant disputes Plaintiff's ability to collect certain damages for certain claims. However, Plaintiff's request for damages is not divided or specified by claim. And, the Court has dismissed many of Plaintiff's claims. As such, the Court finds that it is inappropriate at this time to dismiss portions of Plaintiff's damages claims. The Court will leave decisions as to damages for a later stage in litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT IN PART and DENY WITHOUT PREJUDICE IN PART Defendant's Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Count 2 claim for fraud, Count 3 claim for negligence, and Count 4 claim for negligent misrepresentation because the allegations underlying these claims are founded on the alleged breach of contract and do not state a claim in tort. The Court further DISMISSES WITH PREJUDICE Plaintiff's Count 6 claim for a breach of the implied warranty

of merchantability because that code provision does not apply to immovable property and because Plaintiff's contract excludes all express and implied warranties not specified.  Finally, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Count 7 claim for a violation of the DCCPPA because Plaintiff has failed to allege that she was damaged by the violation and has otherwise failed to state a claim for which relief may be granted. Based on the current record, the Court otherwise DENIES WITHOUT PREJDUICE Defendant's Motion.

Accordingly, Plaintiff may proceed with her Count 1 claim for breach of contract, Count 5 claim for breach of express warranty, and Count 8 claim for strict liability.

An appropriate Order accompanies this Memorandum Opinion.


\_\_\_\_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge