IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIFFANI JONES )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NVR, INC. t/a RYAN HOMES )<br>)<br>    Defendant ) | CASE NO.: 1:20-cv-000453 CKK |

MEMORANDUM IN SUPPORT OF DEFENDANT, NVR, INC.'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY AT TRIAL

Defendant, NVR, Inc. t/a Ryan Homes ("NVR"), by counsel, submits this Memorandum in Support of its Motion *in Limine* to Exclude Testimony at Trial.

I.   INTRODUCTION AND BACKGROUND

Plaintiff, Tiffani Jones ("Jones") asserts claims for breach of contract (Count 1), breach of express warranty (Count 5) and strict liability (Count 8). Complaint ("Cplt.")(Dkt. 1-1).[1] Jones' claims all relate to what she alleges are structural defects in a new home she purchased from NVR in 2016.  The alleged defects arise from purported "plumbing leaks" that she asserts NVR failed to remedy.  Count 8 for strict liability further asserts that, as a result of the "plumbing leaks," that Jones alleges resulted in "toxic mold" in the house from which it is further alleged that plaintiff and her children suffered adverse medical conditions for which they incurred medical bills.

---

[1] By Order entered April 29, 2020 (Dkt. 20), this Court dismissed without prejudice Jones' Count 2 claim for fraud, Count 3 claim for negligence, Count 4 claim for negligent misrepresentation, and Count 7 claim under the District of Columbia Consumer Protection Procedures Act, and dismissed with prejudice Count 6 for breach of implied warranty of merchantability.  Jones did not seek leave to amend her complaint or to refile any of the claims that were dismissed without prejudice.

As to the contract and warranty claims, Jones has not identified any fact or expert witnesses that can testify to the nature or source of the alleged leak (only that a purported leak existed), what defect, much less "structural defect," may exist, the industry standard for the efforts made by NVR to perform warranty work, what work may be required to remedy any defect or the cost of repair of any defect.

As to the strict liability claim, Jones has identified no fact or expert witness that can testify to any causal relationship between the leak and the alleged mold, the type of alleged mold (much less that it is "toxic mold"), the existence of any medical condition relating to mold, any causal relationship between the alleged presence of mold and any alleged medical condition, or the reasonableness and necessity of any medical bills.

### A. Plaintiffs' Rule 26(a)(1)(A) Disclosures and Interrogatory Responses as to Fact Witnesses

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), parties are required to make an initial disclosure of:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiff filed her Rule 26(a)(1) disclosure on July 1, 2020 ("Initial Disclosures")(Dkt. 27). The Initial Disclosures identified three fact witnesses "that Plaintiff may use to support *its defenses*

in the above-referenced lawsuit."[2] (emphasis added). Aside from not identifying any witnesses that may support her claims, the Initial Disclosures did not provide any information whatsoever about the subject matter about which any of the three witnesses would testify, as is required by Rule 26(a)(1)(A)(i).

As to the duty to disclose document required by Rule 26(a)(1)(A)(ii), the Initial Disclosures only stated two broad categories of documents that Jones "may use to support *her defenses*", but provided no substantive or specific information as to any such documents. Finally, as to the computation required by Rule 26(a)(1)(A)(iii) of each category of damages, Jones stated simply: "Will be supplemented." A copy of the Initial Disclosures is attached hereto as Exhibit 1.

By letter dated July 28, 2020, counsel for NVR advised plaintiff's counsel of the defects in Jones' Initial Disclosures. Specifically, the letter recited Rule 26(a)(1)(A), and stated:

> Plaintiff's disclosures purport to identify persons and documents that "Plaintiff may use to support her defenses", so it is unclear whether these are to be used to support her claims. Also, the disclosure as to the three named witnesses fails to disclose the subject of the information each person may testify about.
>
> The disclosure of the documents is overly broad and fails to provide any useful information.
>
> The computation of damages fails to provide any information at all.
>
> Please amend or supplement the initial disclosures to fully comply with Rule 26 by July 31, 2020, the date we agreed to provide such disclosures. Please also provide copies of "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation [of damages] is based, including materials bearing on the nature and extent of injuries suffered."

A copy of the July 28, 2020 letter is attached hereto as Exhibit 2. Plaintiff's counsel did not respond to the July 28, 2020 letter and no amended or supplemented disclosure conforming to Rule 26(a)(1)

---

[2] Jones identified Barbara Jones, April Jones and Anthony Kundera. Plaintiff's counsel subsequently advised that Barbara Jones was deceased.

was ever provided.

In response to NVR's interrogatories, the **only** reference to, and the only "information" Jones provided as to April Jones and Anthony Kundera is the following:

> INTERROGATORY NO. 3: Identify the persons known to you to have firsthand personal knowledge of the facts or information that you state or identify in your Answers to the following Interrogatories, and as to each witness state your understanding of what facts they witnessed and the date and circumstances by which they witnessed such facts.
>
> OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 3: Plaintiff objects to this Interrogatory on the grounds that it is compound, over-broad, vague and overly burdensome. Without waiving any objections, Plaintiff responds as follows: <u>April Jones 2/16/2017-witnessed damage after initial leak</u>. [Underline added].
>
> INTERROGATORY NO. 12: If you contend that there was a defect or a condition which caused or contributed to the matters complained of in your Complaint, state the facts on which you base that contention, including the nature of the condition or defect, whether the condition violated any law, statute, regulation, ordinance or code, the duration of its existence, when you first learned of the defect or condition, and the names and address of all persons known to you with any personal knowledge of said defect or condition.
>
> OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 12: Plaintiff objects to this Interrogatory on the grounds that it is compound, over-broad, vague, repetitive, calls for a legal conclusion and overly burdensome. Without waiving any objections, Plaintiff responds as follows: Defective leaking shower and presence of mold. Cannot be determined whether mold growth occurred during or after construction. Leak detection date: February16, 2017. Presence of mold confirmed: October 25, 2019 . Leak and mold are currently still present in the home; <u>April Jones, 3909 Pennsylvania Ave., Washington, DC; Anthony Kundera -1001 Tanner Pl Washington, DC 20032</u>. [Underline added].

Plaintiff's Responses and Objections to Defendant's Interrogatories dated September 20, 2020 is attached hereto as Exhibit 3. In a supplemental answer to interrogatory number 10, Jones added that Mr. Kundera was present during a conversation with "Dan (NVR project manager) . . . said there was no damage and instructed his technicians to seal the wall and install shower pan."[3] An

---

[3] Interrogatory no. 10 asked Jones to: "Identify each statement, conversation, comment, report, admission, admission of liability, admission against interest, or any *res gestae* statement made by

excerpt of Jones' Supplemental Objections and Responses to Defendant's Interrogatories and Production Requests dated November 16, 2020 is attached hereto as Exhibit 4.

### B. Plaintiff's Rule 26(a)(2) Disclosures

Pursuant to Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence [702]." If an expert witness is "retained or specially employed to provide expert testimony in the case," the witness must also provide a report including the information set forth in Rule 26(a)(2)(B). Witnesses not retained to provide expert testimony in the case are not required to submit a report, but must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence [702]," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

On September 29, 2020, Jones filed her Rule 26(a)(2)(B) Disclosure in which she advised that she was not designating any retained experts. (Dkt. 33; copy attached hereto as Exhibit 5). Plaintiff also disclosed no retained experts in response to NVR's interrogatories.

Also on September 29, 2020, Jones filed her Rule 26(a)(2)(C) Disclosure (Dkt. 34; Copy attached hereto as Exhibit 6), in which Jones again identified only Barbara Jones, April Jones and Anthony Kundera. As to each, Jones states only:

> Mrs. Jones [Mr. Kundera] will testify regarding her personal observations of the plumbing issues in the subject property. She will provide testimony regarding the

---

NVR or its agents, or any person or party, at the time of the occurrence, or following the occurrence regarding facts relevant to any issue in this case, including in your answer, without limitation, the content of said statement, conversation, comment or report, the place where it took place, the name, address and telephone number of the person to whom each statement was made, and in whose presence it was made."

        leaks in the plumbing and the presence of toxic mold throughout the home [and
        the subsequent impact on his health].[4]

The Rule 26(a)(2)(C) Disclosure does not provide the requisite "summary of the facts and opinions to which the witness is expected to testify." Thus, Jones identified (i) no contractors or plumbers that could opine on any aspect of the alleged "plumbing issues" or as to the practice in the industry to identify and repair the source of a leak in a shower, the cost of repair, (ii) no person(s) that performed any environmental testing for the presence or type of mold, and no medical provider to testify as to any mold related injury, causation or damages.

      **C.**      **Jones' Rule 26(e) Disclosures**

Rule 26(e) mandates that parties who made disclosures under Rule 26(a) or 26(a)(2)(B) must supplement their disclosures in the time periods stated therein. Jones filed no supplemental disclosures in accordance with Rule 26(e).

**II.**      **LEGAL STANDARD**

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions in limine, the Court may allow such motions " 'pursuant to the district court's inherent authority to manage the course of trials.' " *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (*quoting Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "Motions in limine are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). A motion in limine provides an early opportunity to explain why, for evidentiary reasons, evidence should or should not be introduced at trial. *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011). In rendering evidentiary rulings, "trial judges

---

[4] Barbara Jones is Jones' grandmother and, on information and belief, is deceased. April Jones is, on information and belief, Jones' mother. Anthony Kundera is Jones' common-law husband. Neither is trained as or has experience as a contractor, plumber, home or environmental inspector or medical provider.

are afforded broad discretion . . . which extends to *assessing* the probative value of the proffered evidence and weighing any factors against admissibility." Graves, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (*citing Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)).

## III.   ARGUMENT

**I.   Plaintiff Should be Precluded from Introducing Expert Testimony in Support of her Claims**.

To prove her contract and warranty claims, Jones must prove a defect in the construction of the house, that NVR's efforts to locate and repair the problem was not consistent with NVR's obligations under the NVR Limited Warranty and/or industry standards, and that there was resulting damages (i.e., the cost to repair any defect).  To prove her strict liability claim, Jones must prove that NVR sold the house in "a defective condition unreasonably dangerous" to her, plaintiff and her children suffered some illness proximately caused by the presence of "toxic" mold, and that any medical treatment related to alleged presence of mold was reasonable and necessary.[5]

Each of these issues is beyond the ability of lay witness' competency[6] and necessarily must be established by qualified experts scientific, technical or other specialized knowledge in the home construction industry, environmental testing industry and medicine.  *See, e.g., Daniels v. Dist. Of Columbia*, 15 F.Supp.3d 62, 70 (D.D.C. 2014)("Testimony as to the diagnosis and treatment of a

---

[5] Strict liability requires proof that "(1) the seller was engaged in the business of selling the product that caused the harm; (2) the product was sold in a defective condition unreasonably dangerous to the consumer or user; (3) the product was one which the seller expected to and did reach the plaintiff consumer or user without any substantial change from the condition in which it was sold; and (4) the defect was a direct and proximate cause of the plaintiff's injuries." *Warner Fruehauf Trailer Co. v. Boston*, 654 A.2d 1272, 1274 (D.C. 1995).

[6] Jones testified in deposition that she and Mr. Kundera have no education, training or experience in construction methods or means or in environmental testing.  Excerpt of deposition transcript ("Dep.") attached hereto as Exhibit 7, at pp. 21-22.

patient, and the reasons therefore, is beyond the ability of the average lay witness' competency and is necessarily based on "the expert's scientific, technical, or other specialized knowledge," in the form of doctors' medical training and experience. *See* Fed. R. Evid. 702"). Indeed, claims for personal injury for exposure to alleged "toxic" mold require particular scientific and medical expertise. *Young v. Burton*, 567 F.Supp.2d 121, 128-29 (D.D.C. 2008)(granting motion to exclude expert testimony that did not satisfy Daubert requirements in mold injury case: "The most widely-used method of demonstrating causation in toxic tort cases is to present scientifically-accepted information about the dose-response curve for the toxin which confirms that the toxin can cause the health effects experienced by the plaintiff at the dosage plaintiff was exposed to. Indeed, "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case.'"); *Roche v. Lincoln Prop. Co.*, 278 F.Supp.2d 744 (E.D. VA 2003)(granting motion to exclude treating physician's testimony who's opinions on alleged injury due to mold exposure did not satisfy Daubert requirements).

Plaintiff has not identified any retained expert witnesses. *See* Exhibit 5. Jones also has not identified any fact witness that may render any opinion. *See* Exhibit 6. Jones' Rule 26(a)(2)(C) disclosure lacks any requisite specificity as to the subject matter of any testimony, and omits any reference at all to any opinion to be expressed. Moreover, Jones' disclosure does not and cannot include any information that any lay witness she identified (i) is qualified to examine the subject shower or other part of the home bathroom to diagnose any "plumbing issues," much that they have rendered any opinion that there is a defect in NVR's work that is the result of any act or omission of NVR, or as to what is necessary to repair any "issue" and the cost to do so, (ii) is qualified to, and have performed proper and necessary environmental testing of Jones' house, and

rendered any opinion as to the results of any environmental testing, for the presence and type of any mold, or as to any remedial measures and costs thereof, (iii) was a treating physician that rendered any diagnosis of Jones or any of her children, much less that any of them suffered an injury proximately caused by mold exposure, that any of them received any necessary treatment and that any medical bill was incurred, much less was reasonable and necessary.[7]

Jones identified only two living fact witnesses, neither of which is trained or practices in any construction, scientific or medical specialty whatsoever. Jones does not even identify herself as a witness, but she also lacks education, training or experience in medicine, scientific testing or construction. *See* fn. 5, supra.

Under Federal Rule of Evidence 701, a lay witness may testify only as to opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Jones' identified witnesses, had proper disclosure been made, would need to be qualified as experts before they can present opinions that are outside the scope of Rule 701 and within the scope of Rule 702. *Window Specialists, Inc. v. Forney Enterprises, Inc.*, 47 F. Supp. 3d 53, 59 (D.D.C. 2014)(excluding fact witness from rendering opinion testimony where Rule 26(a)(2)(B) disclosure only identified subject matter of testimony and did not provide a summary of the facts and opinions as to which the witness was

---

[7] Indeed, Jones testified in deposition that all medical bills she produced were paid by Medicaid, and that she did not have her children tested for mold related allergies because the cost of testing would not have also been paid by Medicaid. Jones also testified that, while the cost to have her children tested was only "2 to 300 [dollars]" per child, she was making $1,700 combined monthly payments for her 2018 Cadillac Escalade SUV and a 2015 Chevrolet Tahoe SUV., Dep. (Ex. 7), pp. 80 – 81, 87-88.

expected to testify). Jones' Rule 26(a)(2) Disclosure does not even identify as a subject matter any issue with respect to any alleged injury to plaintiff or her children. *See* Exhibit 6.

Thus, Jones' two identified witnesses (or Jones, if she is allowed to testify) can, at most, testify that perhaps they witnessed some water staining on the living room ceiling below Jones' master bathroom and some staining on a small section of the exposed wall in the shower where tile and tile board had been removed. They cannot offer testimony as to the cause of any leak, that any leak resulted in "structural damage" to the house, what may be needed to repair any damage and the cost to do so. Similarly, Jones has no witness that can testify as to general causation (i.e., that there is any mold present, what type of mold, what, if any danger could exist if exposed to certain specific types of mold) or specific causation (i.e. that Jones suffered any medical injury as a proximate result of exposure to mold), and what treatment was or should be rendered and the costs thereof. *Young v. Burton*, *supra*; *Roche v. Lincoln Prop. Co.*, *supra*.

Nevertheless, Jones has asserted in discovery responses that she has produced documents that allegedly support her assertions of "design defects and the corrections needed", the presence of "toxic" mold, and medical records.[8] Any such records are hearsay, and would require proper authentication by its author in order to be introduced as evidence at trial. Fed. R. Evid. 802 and 902. Moreover, to the extent any such document expresses an "opinion", a live witness must testify to that opinion. Fed. R . Evid. 702. More importantly, as to the necessity of expert testimony to prove causation and damages, Jones must offer qualified experts whose opinions satisfy the

---

[8] Specifically, Jones has produced only (i) one estimate for a complete bathroom remodel, without any opinion stated therein as to the presence of any defect or causation of any damage or defect, in or about the shower or any structural members of the house, (ii) a purported mold inspection report that predates NVR's environmental testing, and (iii) certain medical records, none of which evidence any medical testing for mold exposure or any diagnosis or opinion of any condition proximately caused by direct mold exposure. Indeed, plaintiff admitted in deposition there was no such testing whatsoever as to her or her children.

10

requirements set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Having failed to disclose any such expert witness, plaintiff should not be permitted to offer any witness testimony or authentication of any document by any person who was not properly disclosed in accordance with Rule 26(a).  Rule 26(a)(1) requires a party to make initial disclosures regarding "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Jones' disclosures are signed by her counsel.  Rule 26(g) mandates that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made." Accordingly, they are presumed to be accurate, and there are no other witnesses, subjects or opinions to be introduced in trial.

Under Rule 37, if a party fails to "identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden is on the party resisting sanctions to demonstrate that its failure to provide information was either substantially justified or harmless." *Amiri v. Omni Excavators, Inc.*, No. CV 18-586 (RMC), 2019 WL 5653622, at *4 (D.D.C. Oct. 31, 2019)(internal quotation marks omitted) (*quoting Flynn v. Dick Corp.*, No. 03-1718 (AK), 2008 WL 2410406, at *3 (D.D.C. June 16, 2008)).

> The notice requirement of Rule 26(a)(2)(A) applies to any witness the Plaintiff (or the Defendant) may call to provide expert opinions under Federal Rule of Evidence 702. *Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 3 (D.D.C.2011) ("Irrespective of whether an expert report must be prepared, the Federal Rules of Civil Procedure require

11

parties to "disclose ... the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.") (quoting Fed.R.Civ.P. 26(a)(2)(A)).

*Howard v. Gray*, 291 F.R.D. 6 (D.D.C. 2013). To the extent Jones may argue that any person not properly disclosed should testify upon "personal knowledge" based on any investigation, inspection or examination of the plaintiff or her house, "a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 n. 2 (7th Cir.2004); *Cf. Daniels v. Dist. Of Columbia*, 15 F.Supp.3d 62, 69 (2014)(excluding on motion *in limine* opinion testimony of treating doctor not disclosed in accordance with Rule 26(a)). Any purported opinions of any person(s) Jones may seek to offer on issues of liability, causation or damages would necessarily be based on their specialized knowledge, training or experience in construction, environmental testing or medicine. Accordingly, plaintiff could only call any such witness to offer expert opinions within the meaning of Federal Rule of Evidence 702, and thus was required to disclose each such person as an expert under Rule 26(a)(2)(A). *Musser*, 356 F.3d at 756–58; *see Fielden v. CSX Transp., Inc*., 482 F.3d 866, 870 n. 3 (6th Cir.2007).

**2.      Jones' Fact Witnesses' Testimony Should Be Limited to the Subject Matter Disclosed**

Further, Jones should be precluded from introducing the testimony of any fact witness except as to the limited matters disclosed in plaintiff's interrogatory answers. Exhibits 3 and 4. While Jones identified April Jones and Anthony Kundera in her Rule 26(a)(1)(A) disclosure, no disclosure was made of the substance of either person's knowledge or testimony, and so they should be precluded from testifying beyond the specific information disclosed in her interrogatory answers. *Id.*

Rule 26(e) further requires a party to supplement its initial disclosures, or responses to discovery, "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Jones did not supplement her disclosures, despite NVR's express and specific letter to Jones' counsel that detailed the requirements of Rule 26(a)(1) and the insufficiency of Jones' disclosures. See July 28, 2020 letter; Exhibit 2. Jones also did not further supplement her interrogatory answers with any information concerning the subject matter of April Jones' or Anthony Kundera's anticipated testimony.

Jones failed entirely to comply with Rule 26(a), and the exclusion of any expert and lay witness testimony is mandatory. "The exclusion of non-disclosed evidence is automatic and mandatory under [Federal] Rule [of Civil Procedure] 37(c)(1) unless non-disclosure was justified or harmless." *Musser*, 356 F.3d at 758; *Elion v. Jackson*, 554 F.Supp.2d 1, 6 (2008); *Howard v. Gray*, *supra*. "The burden is on the party facing sanctions to prove that its violation was either substantially justified or harmless." *Elion v. Jackson*, 554 F.Supp.2d at 6. Accordingly, Jones should be precluded from offering any opinion testimony in support of any of her claims.

## IV.  CONCLUSION

For the foregoing reason, defendant, NVR, Inc. t/a Ryan Homes respectfully requests that the Court enter an Order granting this Motion in Limine, and precluding plaintiff from offering any expert testimony, and that fact witness testimony be limited to the limited subject matter disclosed in interrogatory answers.

Respectfully submitted,

*/s/ Jeffrey M. Mervis*

_____
Jeffrey M. Mervis (DC Bar No.: 426257)
The Mervis Law Firm, LLC
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
Tel: (301) 762-0020
Fax: (301) 762-0229
E-mail:jmervis@mervislaw.com
Attorney for Defendant, NVR, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2021, I caused a the foregoing to be filed by the Court's e-filing system, which will serve a copy to:

>Pamela McLean, Esq.
>McLean Legal Group
>1629 K Street, N.W., Suite 300
>Washington, DC 20006
>contact@mcleanlegalgroup.com
>Attorney for Plaintiff

*/s/ Jeffrey M. Mervis*

_____
Jeffrey M. Mervis (DC Bar No.: 426257)
The Mervis Law Firm, LLC
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
Tel: (301) 762-0020
Fax: (301) 762-0229
E-mail:jmervis@mervislaw.com
Attorney for Defendant, NVR, Inc.