# THE MERVIS LAW FIRM, LLC
12505 PARK POTOMAC AVENUE, 6TH FL.
POTOMAC, MARYLAND 20854
Telephone: 301.762.0020
Facsimile:  301.762.0229

**Jeffrey M. Mervis (MD, VA & DC)**                                                                Tysons Corner, Virginia office:
e-mail: jmervis@mervislaw.com                                                                       8270 Greensboro Drive, Suite 810
                                                                                                    McLean, Virginia 22102

July 28, 2020

BY EMAIL (contact@mcleanlegalgroup.com)
<u>AND FIRST-CLASS MAIL</u>

Pamela McLean, Esq.
McLean Legal Group
1629 K Street, N.W., Suite 300
Washington, DC 20006

      Re:    *Tiffani Jones v. NVR, Inc.*

Dear Ms. McLean:

      Plaintiff's Rule 26(a)(1) Initial Disclosures is insufficient.  Rule 26 requires the initial disclosure identify:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as **under Rule 34** the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiff's disclosures purport to identify persons and documents that "Plaintiff may use to support her defenses", so it is unclear whether these are to be used to support her claims.  Also, the disclosure as to the three named witnesses fails to disclose the subject of the information each person may testify about.

      The disclosure of the documents is overly broad and fails to provide any useful information.

**EXHIBIT**

Mot. in Limine 1

Pamela McLean, Esq.
July 28, 2020
Page 2

  The computation of damages fails to provide any information at all.

  Please amend or supplement the initial disclosures to fully comply with Rule 26 by July 31, 2020, the date we agreed to provide such disclosures. Please also provide copies of "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation [of damages] is based, including materials bearing on the nature and extent of injuries suffered."

  Thank you.

          Sincerely,

          Jeffrey M. Mervis