IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TIFFANI JONES

Plaintiff,

|  | ) |  |
| --- | --- | --- |
| v. | ) | CASE NO..: 1:20-cv-000453 CKK |
|  | ) |  |
| NVR, INC. t/a RYAN HOMES | ) |  |

Defendant.

## PLAINTIFF'S RESPONSES AND OBJECTIONS
## TO DEFENDANT'S INTERROGATORIES

Plaintiff, Tiffani Jones, by and through undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure respectfully responds to NVR, Inc.'s ("NVR") Interrogatories as follows:

PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's Interrogatories, Plaintiff does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceeding, on any and all grounds including, but not limited to, competency, relevancy,

**EXHIBIT**

Mot. in Limine 3

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this Interrogatory on the grounds that it seeks documents or things that are covered by the attorney work product doctrine, the deliberative process privilege, and the attorney-client privilege. Without waiving any objections, Plaintiff responds as follows: Plaintiff currently has no expert witnesses.

INTERROGATORY NO. 3: Identify the persons known to you to have firsthand personal knowledge of the facts or information that you state or identify in your Answers to the following Interrogatories, and as to each witness state your understanding of what facts they witnessed and the date and circumstances by which they witnessed such facts.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 3:  Plaintiff objects to this Interrogatory on the grounds that it is compound, over-broad, vague and overly burdensome. Without waiving any objections, Plaintiff responds as follows: April Jones 2/16/2017-witnessed damage after initial leak.

INTERROGATORY NO. 4: Identify each alleged design defect that is alleged or alluded to in your Complaint, including without limitation, how such design(s) was defective and how the affected element(s) of the subject house should have been designed.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 4: Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and seeks documents or things that are beyond the scope of the present litigation.  In addition, this request seeks items that may have been created in anticipation of litigation and are exempt from disclosure under Fed. R. Civ. P. 26(b)(3)(A). Without waiving any objections, Plaintiff responds as follows: Master Bedroom shower was leaking into the family room beneath the master suite when in use. Mold was found hidden in the bathroom on inner structural walls. Shower should not leak and mold should not be present.

INTERROGATORY NO. 5: Identify each alleged structural defect in the house that is alleged or alluded to in your Complaint, including without limitation, the location of each such defect, whether and how such defect(s) adversely affects a load bearing of the house, its load-bearing function to the extent that the home becomes or is in serious danger of becoming unsafe, unsanitary, or otherwise uninhabitable.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 5:  Plaintiff objects to this Interrogatory on the grounds that it is repetitive, vague, overly broad, unduly burdensome, and seeks documents or things that are beyond the scope of the present litigation.  In addition, this request seeks items that may have been created in anticipation of litigation and are exempt from disclosure under Fed. R. Civ. P. 26(b)(3)(A). Without waiving any objections, Plaintiff responds as follows: Master Bedroom shower was leaking into the family room beneath the master suite

video tape, drawing, diagram, plat or other graphic or pictorial representation of the subject defects, of the happening of the occurrence, of any objects related to the subject defects, or relating to the injuries claimed to result therefrom? If your answer is "yes," list each such item describing its subject matter, date or dates upon which taken or prepared, by whom taken or prepared, and name the person who now has custody or possession thereof.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 11: Plaintiff objects to this Interrogatory on the grounds that it is compound, repetitive, vague, overly broad, unduly burdensome, and seeks documents previously provided to Defendant. Without waiving any objections, Plaintiff responds as follows: See pictures previously provided to Defendant. Both Plaintiff and Defendant have possession of all relevant documents.

INTERROGATORY NO. 12: If you contend that there was a defect or a condition which caused or contributed to the matters complained of in your Complaint, state the facts on which you base that contention, including the nature of the condition or defect, whether the condition violated any law, statute, regulation, ordinance or code, the duration of its existence, when you first learned of the defect or condition, and the names and address of all persons known to you with any personal knowledge of said defect or condition.

 OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 12: Plaintiff objects to this Interrogatory on the grounds that it is compound, over-broad, vague, repetitive, calls for a legal conclusion and overly burdensome. Without waiving any objections, Plaintiff responds as follows: Defective leaking shower and presence of mold. Cannot be determined whether mold growth occurred during or after construction. Leak detection date: February16, 2017. Presence of mold confirmed: October 25, 2019 . Leak and mold are currently still present in the home; April Jones, 3909 Pennsylvania Ave., Washington, DC;  Anthony Kundera -1001 Tanner Pl Washington, DC 20032.

INTERROGATORY NO. 13: Identify all actions taken by your and/or Anthony Kundera to mitigate the damages you claim in this lawsuit.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 13: Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome.  In addition, this request seeks items that may have been created in anticipation of litigation and are exempt from disclosure under Fed. R. Civ. P. 26(b)(3)(A). Without waiving any objections, Plaintiff responds as follows: Plaintiff contacted defendant and informed defendant's agents of problems in the house.

INTERROGATORY NO. 14:  State with precision the nature and symptoms of the personal or bodily injury suffered by you as a result of any action or inaction by NVR, including, without

INTERROGATORY NO. 23:  State the date of, method of communication, subject of the communication and the participants in each communication you had with NVR and its employees, agents and contractors since February 1, 2017.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 23: Plaintiff objects to this Interrogatory on the grounds that it is compound, repetitive, vague, overly broad, unduly burdensome, and seeks documents previously provided to Defendant.  Records pertaining to communications with defendant have previously been provided.  Additional records are attached herein.  2/17/17 email to Samuel Holloway reporting leak; 2/17/17call to Ryan homes reporting leak. refer to text messages and NVR visit list.

INTERROGATORY NO. 24:  As to each visit, inspection and work performed to your home by NVR, its employees, agents and contractors since February 1, 2017, state the dates of such visit, inspection or work, the names of the individuals or companies that participated in such visit, inspection or work, and the nature of such visit, inspection or work.

OBJECTIONS/RERSPONSE TO INTERROGATORY NO. 24: Plaintiff objects to this Interrogatory on the grounds that it is compound, repetitive, vague, overly broad, unduly burdensome, and seeks documents previously provided to Defendant.  See also NVR fix visit list. All visits were not documented.  Many of defendant's agents own companies could not be identified because most of the contractors did not wear uniforms which could fully identify the company they represented other than NVR

Respectfully Submitted,

September 20, 2020 /s/Pamela McLean, Esq.

McLean Legal Group (Bar No. 497891)

1629 K Street, NW Suite 300

 Washington, D.C. 20006

202-204-2234(O) 703-488-0852(C)

contact@mcleanlegalgroup.com

## **_CERTIFICATE OF SERVICE_**

I HEREBY CERTIFY that on September 20, 2020, a true and correct copy of the foregoing Plaintiff's Answers to Defendant's Interrogatories was served upon defense counsel via email and first class mail.

*/s/Pamela McLean*

## VERIFICATION OF INTERROGATORY ANSWERS

I, Tiffani Jones, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct.

9/20/2020
Date

_____
Signature
Tiffani Jones, Plaintiff