IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**TIFFANI JONES**

*Plaintiff,*

|  |  |
|---|---|
| v. ) | Case No.: 1:20-cv-000453 CKK |
| ) | |
| **NVR, INC. t/a RYAN HOMES** ) | |

**Defendant.**

**EXHIBIT**

**Mot. in Limine 4**

SUPPLEMENTAL OBJECTIONS AND RESPONSES

TO DEFENDANT'S INTERROGATORIES AND PRODUCTION REQUESTS

Interrogatory no. 1. For the reasons stated above, plaintiff's objections stated in Answer no. 1 are inappropriate, deficient and waived. Please state whether any information was withheld on the basis of the objections.

Supplemental Response to Interrogatory 1. Plaintiff maintains objections on the ground that it irrelevant and overly-broad. Plaintiff does not waive these objections. No information was withheld on the basis of these objections.

Interrogatory no. 2. For the reasons stated above, plaintiff's objections stated in Answer no. 2 are inappropriate, deficient and waived. Additionally, plaintiff's objection on the grounds of "deliberative process" is improper and inapplicable because this case does not involve any deliberations by the executive branch of the federal government. The objections on the grounds of attorney-client and attorney-work product privilege are inappropriate also because they do not extend to communications with testifying experts. Plaintiff's response that she "currently" has no expert witnesses is non-responsive. The deadline to designate plaintiff's experts has passed, so please supplement this response to state that no experts will be called.

Supplemental Response to Interrogatory 2. Plaintiff waives her objections on the grounds of deliberative process, attorney-client and attorney-work product privilege. Plaintiff currently has no expert witnesses. Plaintiff reserves the right to request leave to add expert witnesses.

Supplemental Response to Interrogatory 8. Plaintiff does not waive her objections on the grounds that it calls for a legal conclusion, is repetitive, vague, overly broad, unduly burdensome, and seeks documents or things that are in Defendant's possession.  Plaintiff does not withdraw the allegation that NVR breached the contract.  Plaintiff provided a responsive answer: The Purchase Agreement and the Home Warranty in their entirety. Both documents guaranteed to build a home free from defects and mold infestation.

Interrogatory no. 9. For the reasons stated above, plaintiff's objections stated in Answer no. 9 are inappropriate, deficient and waived. Additionally, the objection that the Interrogatory calls for a legal conclusion is inappropriate. The interrogatory inquires specifically what warranty provisions plaintiff claims was breached by NVR and the facts supporting the allegations in Count V of the Complaint that the provision(s) was/were breached. This does not call for a legal conclusion. Also, the objection that the interrogatory seeks "documents or things beyond the scope of the present litigation" is groundless because the interrogatory seeks no "documents or things" and its scope is directly related to the express allegations of the Complaint. The response that the "entirety" of the warranty was breached, and the identifying of "leak" is non-responsive. Please provide a responsive answer to include the specific warranty provisions allegedly breached, or withdraw the allegation that NVR breached the warranty.

Supplemental Response to Interrogatory 9.  Plaintiff does not waive her objections on the grounds that it calls for a legal conclusion, is repetitive, vague, overly broad, unduly burdensome, and seeks documents or things that are in Defendant's possession.  Plaintiff does not withdraw the allegation that NVR breached the warranty. Plaintiff provided a responsive answer: NVR Warranty in its entirety; failure to detect, fix and correct leak.

Interrogatory no. 10. For the reasons stated above, plaintiff's objections stated in Answer no. 10 are inappropriate, deficient and waived. The objection that the interrogatory seeks "documents or things beyond the scope of the present litigation" is groundless because the interrogatory seeks no "documents or things" and its scope is directly related to the express allegations of the Complaint. The interrogatory inquires simply about any statements or admissions against interest made by NVR. The objection, that the interrogatory seeks "items that may have been prepared in anticipation of litigation, is inappropriate because the interrogatory does not seek "items" and only seeks what NVR may have said. The response is incomplete to the extent it relies upon "text messages previously provided" because it fails to identify which of the text messages previously provided that plaintiff contends is an admission against interest. The response is also insufficient because, to the extent it attempts to rely upon documents, plaintiff has not produced each and every text message. Please identify the specific text message(s) plaintiff claims is an admission against interest.

Supplemental Response to Interrogatory 10.  Plaintiff does not waive her objections on the grounds that the question is repetitive, vague, overly broad, unduly burdensome, and seeks documents or things that are beyond the scope of the present litigation.  Plaintiff provided a responsive answer: After tiles were removed in an attempt to fix the leaking shower, black discoloration of the wood underneath the shower tiles was discovered. Plaintiff alerted Dan (NVR project manager) and he

stopped by the house to do an inspection . Dan said there was no damage and instructed his technicians to seal the wall and install shower pan. ==Anthony Kundera and Tiffani Jones present for conversation.== Full content of all texts between the parties are provided herein.

Interrogatory no. 11. For the reasons stated above, plaintiff's objections stated in Answer no. 11 are inappropriate, deficient and waived. The interrogatory inquires about pictures and objects relating to the defect(s) alleged by plaintiff. The objection that the interrogatory seeks "documents already provided to defendant" is groundless because the interrogatory seeks no "documents". The response of "see pictures previously provided to Defendant" and that "Plaintiff and Defendant have possession of all relevant documents" is vague, incomplete and non-responsive because it does not state that <u>all</u> such photographs or documents were delivered to NVR, and does not identify any specific photograph and when and to whom such photographs or documents were delivered (i.e., does plaintiff refer to photographs filed in response to the motion to dismiss, or provided outside of the litigation?), and who took any photographs or prepared any document. The suggestion that the parties have "all relevant documents" is vague, non-responsive and inappropriate. Rule 33(d) does not apply because the records of plaintiff in this case are not "business records." In any event, Rule 33(d) requires a party to "specify the records that must b e reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Plaintiff must supplement Answer no. 11 to state whether all photographs have been provided, and identify the specific photographs that were delivered to NVR, when and how such delivery was made, by who and to whom such delivery was made, and the identity of the person(s) that took such photograph or created any document delivered. As to the other "relevant" documents plaintiff references in the answer, they must be specifically itemized.

Supplemental Response to Interrogatory 11.  Plaintiff does not waive her objections on the grounds that the question is compound, repetitive, vague, overly broad, unduly burdensome, and seeks documents previously provided to Defendant. Pictures taken by Plaintiff were previously provided and specifically identified as exhibits to Plaintiff's Opposition to Defendant's Motion to Dismiss.

Interrogatory no. 12. For the reasons stated above, plaintiff's objections stated in Answer no. 12 are inappropriate, deficient and waived. Please state whether any information was withheld on the basis of the objections.

Supplemental Response to Interrogatory 12.  Plaintiff does not waive her objections on the grounds that the question is compound, over-broad, vague, repetitive, calls for a legal conclusion and overly burdensome. No information was withheld on the basis of the objections.

Interrogatory no. 13. For the reasons stated above, plaintiff's objections stated in Answer no. 13 are inappropriate, deficient and waived. Please state whether any information was withheld on the basis of the objections.

Response to Request no. 18 and 20 are insufficient. No detail is provided as to documents that are responsive to the Requests, and as noted above, the copies of text messages are not complete. Please produce full and complete copies of the text strings and listing of photographs (even if by file name).

<u>Supplemental Response</u>:  A complete record of text message communications is provided herein. A complete record of photos has been provided.

Response to Request no. 19 is insufficient. No detail is provided as to documents that are responsive to the Requests. Please provide a complete, bates-stamped copy of plaintiff's "previously provided" documents.

<u>Supplemental Response</u>:  All responsive documents have been provided and are all clearly identified.

Responses to Request no. 18 -23 are insufficient. No detail is provided as to documents that are responsive to the Requests, and as noted above, the copies of text messages are not complete. Please produce full and complete copies of the text strings, and a full set of bates- stamped documents.

<u>Supplemental Response:</u> A complete record of text message communications is provided herein. All responsive documents have been provided and are all clearly identified.

The Authorizations in Response to Request no. 24 are barely legible. Providing such poor copies lacks good faith. Please provide clear and complete, signed Authorizations.

<u>Supplemental Response</u>:  The medical authorizations (with original signatures) have been mailed to defense counsel's office.

Respectfully Submitted,

November 16, 2020                                              /s/Pamela McLean, Esq.

McLean Legal Group (Bar No. 497891)

1629 K Street, NW Suite 300

 Washington, D.C. 20006

202-204-2234(O) 703-488-0852(C)

contact@mcleanlegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2020, a true and correct copy of the foregoing Plaintiff's Answers to Defendant's Supplemental Interrogatories and Production Requests was served upon defense.

*/s/Pamela McLean*