**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIFFANI JONES,<br>    Plaintiff<br><br>    v.<br><br>NVR INCORPORATION t/a RYAN HOMES,<br>    Defendant | Civil Action No. 20-453 (CKK) |

**MEMORANDUM OPINION**
(March 29, 2022)

Plaintiff Tiffani Jones brings this action against Defendant NVR Incorporation t/a Ryan Homes ("Defendant" or "NVR"), alleging that leaks in the plumbing system of a newly-constructed home she purchased from Defendant resulted in "structural damage" to the property and the growth of "toxic mold," which adversely affected the health of Plaintiff and her children. Presently before the Court is Defendant's [50] Motion *in Limine* and [69] Motion to Strike, both of which seek to preclude Plaintiff from relying on witnesses and evidence in support of her Opposition to Defendant's [51] Motion for Summary Judgment (and in any subsequent proceedings) that Defendant claims Plaintiff failed to disclose timely and in accordance with the Federal Rules of Civil Procedure and this Court's scheduling orders.

Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, as set forth below, the Court shall **GRANT IN PART** and **DENY IN PART** Defendant's Motion *in Limine* and shall **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Strike.

---

[1] The Court's consideration has focused on the following materials and the exhibits and affidavits attached thereto:

- Memorandum in Support of Defendant NVR, Inc.'s Motion *in Limine* to Exclude Testimony at Trial ("Def.'s Mot. *in Limine*"), ECF No. 50-2;
- Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.'s S.J. Mot."), ECF No. 51-17;
- Plaintiff's Opposition to Motion *in Limine* to Exclude Testimony ("Pl.'s Opp'n to Def.'s Mot. *in Limine*"), ECF No. 57;
- Reply in Support of Defendant NVR, Inc.'s Motion *in Limine* to Exclude Testimony ("Def.'s Motion *in Limine* Reply"), ECF No. 58;

## I.  BACKGROUND

Plaintiff Tiffani Jones filed her Complaint in the District of Columbia Superior Court on January 28, 2020.  *See* Compl., ECF No. 1-1.  In summary terms, Plaintiff alleges that she discovered leaks in the plumbing system of a newly-constructed home she purchased from Defendant NVR Incorporation ("NVR" or "Defendant") in 2016.  *See id.* ¶¶ 5, 6.  She claims that she reported these leaks to NVR, and allowed NVR and its contractors access to her home to make repairs, but the plumbing issues persisted for several years.  *Id.* ¶ 6.  She alleges that inspections in October and November 2019 revealed "toxic mold" and structural defects in the house.  *Id.* ¶ 7.  Plaintiff claims that the "toxic mold" led to medical issues for her and her family, and that the plumbing leak caused "structural damage" to the home.  *Id.*

After removing the case to this Court, NVR moved to dismiss Plaintiff's eight-count Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court dismissed the following counts: fraud (Count 2); negligence (Count 3); negligent misrepresentation (Count 4); breach of implied warranty of merchantability (Count 6); and violation of D.C. Consumer Protection Procedures Act, D.C. Code .C. Code § 28-3904 (Count 7).[2]  The Court denied the

---

- Memorandum in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n to Def.'s S.J. Mot."), ECF No. 60 (including the associated exhibits filed at ECF No. 59);
- Supplemental Reply in Support of Defendant NVR, Inc.'s Motion *in Limine* to Exclude Testimony ("Def.'s Motion *in Limine* Suppl. Reply"), ECF No. 62;
- Defendant NVR, Inc.'s Objection and Motion to Strike Affidavits and Exhibits Submitted in Support of Plaintiff's Opposition to Motion for Summary Judgement ("Def.'s Mot. to Strike"), ECF No. 63;
- Reply Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.'s S.J. Reply"), ECF No. 64;
- Plaintiff's Memorandum in Opposition to Defendant's Objection and Motion to Strike ("Pl.'s Opp'n to Def.'s Mot. to Strike"), ECF No. 65-2; and
- Reply Memorandum in Support of Defendant NVR, Inc.'s Objection to and Motion to Strike ("Def.'s Mot. to Strike Reply"), ECF No. 66.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  See LCvR 7(f).

[2] The Court dismissed Counts 2, 3, 4, and 7 without prejudice.  *See* Order, ECF No. 20.  However, Plaintiff never sought the Court's leave to amend the Complaint.

remainder of Defendant's motion to dismiss.  Accordingly, only three counts remain pending: breach of contract (Count 1); breach of express warranty (Count 5); and strict liability (Count 8).

Following an Initial Scheduling Conference, the Court issued a [31] Scheduling and Procedures Order on August 3, 2020, which ordered the parties to adhere to the following deadlines (among others):[3]

> (c) Proponent's Rule 26(a)(2)(B) & (C) Disclosures shall be due on or before **SEPTEMBER 30, 2020**, with the Opponent's Rule 26(a)(2)(B) & (C) Disclosures due on or before **NOVEMBER 30, 2020**; Replies are due **DECEMBER 11, 2020**.
> . . .
> (e) All discovery shall be completed, and all discovery-related motions filed (motions to compel, motions to quash, motions for sanctions under Fed. R. Civ. P. 37, etc.) on or before **FEBRUARY 26, 2021.**

Scheduling & Procedures Order at 5, ECF No. 31 (emphases added).  Neither party sought to extend any of these deadlines ordered by the Court.

Defendant's Motion *in Limine* and Motion to Strike both address Plaintiff's disclosures (or lack thereof) during discovery and her failure to comply with these court-ordered deadlines. Accordingly, the Court shall next describe in detail the factual background underlying both motions, including the pertinent obligations imposed by the Federal Rules of Civil Procedure.

### A.  Initial Disclosures and Discovery Responses

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party "without awaiting a discovery request" to provide to the other party (among other information): "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along

---

[3] The parties could not agree on proposed deadlines for proceeding with discovery.  *See* Pl.'s Meet & Confer Stmt., ECF No. 26; Def.'s Meet & Confer Stmt., ECF No. 29.  Notably, Plaintiff requested a *more accelerated* schedule than Defendant, proposing that all expert disclosures be due on or before August 30, 2020 and that discovery be concluded by October 31, 2020.  Pl.'s Meet & Confer Stmt. ¶¶ 8–11.

with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a).

Although Rule 26 does not require these disclosures to be filed with the Court, the parties here filed their Rule 26(a)(1)(A) disclosures in July 2020 in advance of the Initial Scheduling Conference. *See* Pl.'s Rule 26(a)(1) Initial Disclosures, ECF No. 27 (filed July 21, 2020); NVR, Inc.'s Rule 26(a)(1) Initial Disclosures, ECF No. 30 (filed July 31, 2020).

Plaintiff's Initial Disclosures identify only three individuals "likely to have discoverable factual information that Plaintiff may use to support [her] defenses[.]": (1) Barbara Jones; (2) April Jones; and (3) Anthony Kundera.[4] Pl.'s Rule 26(a)(1) Initial Disclosures at 2. Plaintiff did not identify the "subjects of [the discoverable information]" that each witness would likely have. NVR's counsel notified Plaintiff's counsel of this deficiency in a letter dated July 28, 2020. Def.'s Mot. *in Limine* Ex. 2, 7/28/20 Letter from J. Mervis to P. McLean, ECF No. 50-4. NVR indicates that Plaintiff never responded to the letter and never amended or supplemented her Rule 26(a)(1)(A) Initial Disclosures. Plaintiff does not dispute that she never amended or supplemented her Initial Disclosures.

During discovery, Plaintiff again identified only April Jones and Anthony Kundera in her responses to three of Defendant's Interrogatories—supplying sparse and vague information about each witness's purported "knowledge." In response to Defendant's Interrogatory No. 3, which directed Plaintiff to "identify the persons known to you to have firsthand personal knowledge of the facts or information that you state or identify in your Answers . . , and as to each witness state your understanding of what facts they witnessed and the date and circumstances by which they

---

[4] Defendant has indicated that Barbara Jones was Plaintiff's grandmother, who is now deceased, and April Jones is Plaintiff's mother, Def.'s Mot. *in Limine* at 3 n.2, 6 n.4. Anthony Kundera is Plaintiff's common law husband. *See* Pl.'s Dep. 9:21–22; 14:1–3 (ECF No. 59-7).

witnessed such facts," Plaintiff indicated only that "*April Jones 2/16/2017-witnessed damage after initial leak.*" Def.'s Mot. *in Limine* Ex. 3, Pl.'s Resps. & Objs. To Def.'s Interrogatories at 2, ECF No. 50-5 (emphasis added).[5]  In response to Defendant's Interrogatory No. 12, which sought "the names and address of all persons know to you with any personal knowledge of [any defect or condition which caused or contributed to the matters . . . in your Complaint]," Plaintiff again identified April Jones and Anthony Kundera.  *Id.* at 3.  Finally, in a supplemental response to Defendant's Interrogatory No. 10, which asked Plaintiff (in summary terms) to identify any statement made by NVR or its agents "regarding facts relevant to any issue in this case," and to identify the person in whose presence each statement was made, Plaintiff indicated that Anthony Kundera had been present during a conversation with an NVR project manager who said that "there was no damage and instructed his technicians to seal the wall and install [the] shower pan."  Def.'s Mot. *in Limine* Ex. 4, Pl.'s Suppl. Resps. & Objs. to Def.'s Interrogatories at 2–3, ECF No. 50-6.

## B.  Expert Disclosures

A party seeking to present expert testimony must disclose the identity of any expert witness and the facts and opinions about which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2).  A party "must make these [expert] disclosures *at the times and in the sequence that the Court orders*[.]"[6]  Fed. R. Civ. P. 26(a)(2)(D) (emphasis added).  As noted above, the Court ordered that any "Rule 26(a)(2)(B) & (C) Disclosures **shall be due on or before SEPTEMBER 30, 2020**[.]" Scheduling & Procedures Order at 5, ECF No. 31 (emphasis added).

---

[5] As the pages of this document are not numbered, the Court refers to the page number of the PDF document filed at ECF No. 50-5.  Unless otherwise specified, the Court adopts this same approach for all other filings lacking page numbers.

[6] Rule 26(a)(2)(D) sets forth default timing requirements for disclosure of expert testimony which apply *"[a]bsent a stipulation or court order[.]"*  Fed. R. Civ. P. 26(a)(2)(D) (emphases added).  Because there is a court order setting forth deadlines for expert disclosures here, those default timing requirements do not apply.

If a witness is "one retained or specially employed to provide expert testimony," the proponent's Rule 26(a)(2)(A) disclosure "must be accompanied by a written report," which contains "a complete statement of all opinions the witness will express and the basis and reasons for them," the "facts or data considered by the witness in forming [the opinions]," and the witness's qualifications, among other requirements. Fed. R. Civ. P 26(a)(2)(B). If a witness is testifying as an "expert," even though they "were not 'retained or specially employed' for the purpose of testifying as an 'expert,'" *Daniels v. Dist. of Columbia*, 15 F. Supp. 3d 62, 69 (D.D.C. 2014), then the proponent of that witness is not required to provide a written report, but still must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

On September 29, 2020, Plaintiff filed a "Rule 26(a)(2)(B) Disclosure," which indicated that she "does not have any designated expert witness to date." Pl.'s Rule 26(a)(2)(B) Disclosure, ECF No. 33.

On the same date, Plaintiff filed a separate document entitled "Proponent's Rule 26(a)(2)(C) Disclosure." Pl.'s Rule 26(a)(2)(C) Disclosures, ECF No. 34. As noted above, Rule 26(a)(2) applies to witnesses "testifying as experts" who were not "retained or specially employed" to do so. *Daniels*, 15 F. Supp. 3d at 69. However, in this filing, Plaintiff identifies three "lay witnesses"—the same individuals named in her Initial Disclosures (Barbara Jones, April Jones, and Anthony Kundera) and provides the following descriptions of their testimony:

> (a) Barbara Jones . . . will testify regarding her personal observations of the plumbing issues in the subject property. She will provide testimony regarding the leaks in the plumbing and the presence of toxic mold throughout the home.

> (b) April Jones . . . will testify regarding her personal observations of the plumbing issues in the subject property. She will provide testimony regarding the leaks in the plumbing and the presence of toxic mold throughout the home.

6

> (c) Anthony Kundera . . . will testify regarding [his] personal observations of the plumbing issues in the subject property.  [He] will provide testimony regarding the leaks in the plumbing and the presence of toxic mold throughout the home and the subsequent detrimental impact on his health.

Pl.'s Rule 26(a)(2)(C) Disclosures, ECF No. 34.  Nothing in this filing indicates that any of these three individuals would be qualified to testify as to any "scientific, technical, or specialized knowledge."  Fed. R. Evid. 701.   Rather, Plaintiff explicitly identifies these individuals as "lay witnesses" and indicates that each will testify as to his or her "personal observations."  It is not clear whether or not Plaintiff intended to identify these individuals as "experts," but if she did, her disclosure is inadequate, as it does not provide any "summary of the facts and opinions to which [each] witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(ii).

In a Supplemental Response to Defendant's Interrogatories dated November 16, 2020, Plaintiff again represented that she "currently has no expert witnesses."  *See* Def.'s Mot. *in Limine* Ex. 4, Pl.'s Suppl. Objs. & Resps. at 1, ECF No. 50-6.

On November 30, 2020, Defendant filed its [38, 39] Rule 26(a)(2) Expert Disclosures. Defendant identified four retained experts under Rule 26(a)(2)(B) and two witnesses who were not retained but may provide expert testimony.   Def. NVR, Inc.'s (Corrected) Designation of Expert Witnesses, ECF No. 39.  For each retained witness, Defendant submitted a written report and a curriculum vitae.  *See* ECF Nos. 38-1, 38-2.[7]  Defendant also provided a summary of facts and opinions about which each non-retained expert witness may testify.  Def. NVR, Inc.'s (Corrected) Designation of Expert Witnesses.  Plaintiff does not challenge the sufficiency of Defendant's Expert Disclosures.

---

[7] Defendant filed a "corrected" version of its expert disclosure at ECF No. 39 to correct a typographical error in its original disclosure, filed at ECF No. 38.  The accompanying expert materials are filed on the docket at ECF No. 38. *See* Def. NVR, Inc.'s (Corrected) Designation of Expert Witnesses at 1 n.1.

### C.  Post-Discovery Status Hearing

After the close of discovery, the Court held a status hearing on March 12, 2021, during which Defendant indicated that it would file contemporaneously a motion *in limine* and a motion for summary judgment.  *See* Scheduling & Procedures Order, ECF No. 42.  Although the Court observed that motions *in limine* are typically reserved to address evidentiary issues closer to trial, Defendant indicated that it intended to file such a motion to preclude Plaintiff from offering *any* expert testimony as she had not disclosed any expert witnesses.  Plaintiff was, therefore, on notice that her failure to disclose any expert would be at issue in Defendant's proposed motions.   The Court set a briefing schedule on both motions.  *Id.*  Plaintiff did not seek the Court's leave to re-open discovery or supplement her disclosures.

Defendant filed its Motion *in Limine* and Motion for Summary Judgment on May 28, 2021.[8]  As discussed in greater detail below, Defendant's motion *in limine* seeks to exclude Plaintiff from offering any expert testimony or any testimony by fact witnesses beyond what she identified in her Initial Disclosures and other discovery responses.

On June 14, 2021, Plaintiff filed oppositions to both motions.  The Court *sua sponte* struck Plaintiff's Opposition to Defendant's Motion for Summary Judgment due to Plaintiff's failure to comply with Local Civil Rule 7(h) and the Court's [6] Order Establishing Procedures.  *See* Minute Order (June 14, 2021).  The Court directed Plaintiff to correct these deficiencies by no later than June 25, 2021.  *Id.*  Defendant filed a reply in support of its Motion *in Limine* on June 18, 2021.  *See* Def.'s MIL Reply.

---

[8] Plaintiff suggests that Defendant's filing of these motions was untimely.  Pl.'s Opp'n to Def.'s Mot. to Strike at 10.  That is incorrect.  Defendant sought an extension of its original deadline to file both motions (April 30, 2021), which the Court granted.  *See* Def.'s Mot. for Extension, ECF No. 47; Order, ECF No. 47.

**D. Plaintiff's Identification of Experts in Opposition to Defendant's Motion for Summary Judgment**

On June 25, 2021, Plaintiff filed a new Opposition to Defendant's Motion for Summary Judgment. Unlike her first filing, Plaintiff's June 25, 2021 Opposition and "Counter-Statement of Disputed Facts" relies on several affidavits and other records prepared by "retained experts," despite having never identified any of these "experts" by the deadlines ordered by the Court. *See, e.g.*, Pl.'s Opp'n to Def.'s S.J. Mot. at 12–13 (relying on "inspections performed by mold experts"); Pl.'s Counter-Stmt. of Disputed Facts ("Pl.'s Counter-Stmt") ¶¶ 15, 27, 28, ECF No. 59-3 (relying on "retained" "independent plumbers" and "[i]ndependent contractors"); *id.* ¶¶ 31, 33 (relying on "retained" "medical doctor"); *id.* ¶¶ 18, 20, 26 (relying on "retained" "mold experts"). In sum, Plaintiff—*for the first time in this case*—identified several "retained" experts in her Opposition to Defendant's Motion for Summary—*nine months* after the Court-ordered deadline for a proponent's expert disclosures, *four months* after the Court-ordered close of discovery, and only *after* Defendant filed its summary judgment motion and motion *in limine* seeking to preclude Plaintiff from offering any fact or expert testimony beyond what Plaintiff provided during discovery.

In general terms, Plaintiff's Summary Judgment Opposition relies extensively on four categories of expert materials: (1) reports and testing conducted by mold experts; (2) testimony by medical doctors; (3) testimony by Mr. Kundera; and (4) estimates for plumbing, home repair, and mold remediation services. The Court shall next provide additional details about each category.

    1. <u>Mold Experts</u>

Plaintiff indicates in her "Counter-Statement of Disputed Facts" filed with her Opposition to Defendant's Summary Judgment Motion that she "*retained* Ken Broughton, Dr. Joe Spurgeon . . . and [Southeast Environmental Microbiology Laboratories ("SEEML")] to test for

mold in her home."  Pl.'s Counter-Stmt. ¶ 26; *see also id.* ¶ 18 (indicating that Plaintiff "retained independent mold experts to examine the property for mold and they discovered the presence of toxic mold").

Based on the record, it appears that *only* Mr. Broughton actually inspected Plaintiff's property, and that his inspection included a "visual assessment" and collection of samples—which were then sent to SEEML to be tested.  *See* Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ1, Unbiased Mold Inspection & Testing Report  ("Broughton Oct. 2019 Mold Inspection"), at JONES -346, ECF No. 59-5; Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ24, SEEML Report, ECF No. 59-16.  Notably, Mr. Broughton's inspection is dated October 29, 2019—approximately *one year before* Plaintiff was required to disclose any expert witnesses in this case. *See* Broughton Oct. 2019 Mold Inspection. Moreover, contrary to Plaintiff's assertion that Dr. Spurgeon "inspected" her property, it appears that he only reviewed the inspection completed by Mr. Broughton in 2019 and generated a "report" of his opinions.  Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ29, Dr. Joe C. Spurgeon, Ph.D, Opinions on the Presence of Contaminant Mold in the Jones Residence (dated June 22, 2021) ("Spurgeon Opinion"), ECF No. 59-20; *see also* Pl.'s Opp'n to Def.'s Mot. to Strike at 7–8.

Plaintiff did *not* disclose Mr. Broughton, Dr. Spurgeon, or any individual representing SEEML as an expert witness in advance of the Court's deadline for Rule 26(a)(2) disclosures (September 30, 2020) or by the close of discovery.  Plaintiff claims that she *did* provide a "report" generated by Mr. Broughton by producing the Broughton Oct. 2019 Mold Inspection (and associated SEEML lab results) to Defendant during discovery.  *See* Pl.'s Opp'n to Def.'s Mot. to Strike at 7–8.  However, this document is plainly not in compliance with the requirements of Rule 26(a)(2)(B), which provides clear requirements for a "written report" by a retained expert.  And by repeatedly indicating to Defendant during discovery that Plaintiff had not retained any expert

witnesses, Defendant was not put on notice that it would be required to compel the information required by Rule 26(a)(2)(B) as to Mr. Broughton (or SEEML).

     2.  <u>Medical Experts</u>

Plaintiff also indicates in her Counter-Statement of Disputed Facts that she "retained a medical doctor who will testify to the causal relationship between her mold exposure and her symptoms." Pl.'s Counter-Stmt. ¶¶ 31, 33. She submitted as an exhibit a curriculum vitae of Dr. Ross Myerson. *See* Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ30, CV of Dr. Ross S. Myerson, ECF No. 60-11. She provided no written report associated with this witness. Then, in her later-filed "Supplemented Disclosures," Plaintiff identified Dr. James Pearle, as a "pulmonary and critical care medical expert." Pl.'s Suppl. Disclosures, ECF No. 61; *see also infra* Section I(E) (addressing Plaintiff's "Supplemented Disclosures").

It is undisputed that Plaintiff did not disclose *any* medical expert—treating physicians or otherwise—as an expert witness by the Court's deadline for Rule 26(a)(2) disclosures (September 30, 2020) or by the close of discovery.[9] Nor did she seek the Court's leave to file her so-called "Supplemented Disclosures" identifying (among others) Dr. Pearle as a medical expert.

     3.  <u>Anthony Kundera</u>

Plaintiff also filed in support of her Opposition to Defendant's Motion for Summary Judgment an affidavit executed by her husband, Anthony Kundera. *See* Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ33, Affidavit of Anthony Kundera ("Kundera Aff."), ECF No. 59-22. As previously noted, Plaintiff had previously only identified Mr. Kundera as a "lay witness" who would "testify regarding [his] personal observations of the plumbing issues," as well as the "leaks in the plumbing

---

[9] Plaintiff has indicated that no treating physician (who treated her or her family members) has agreed to act as an expert in this case. *See* Pl.'s Opp'n to Def.'s Mot. to Strike at 7.

and the presence of toxic mold throughout the home and the subsequent detrimental impact on his health." *See supra* Section I(B) (quoting Pl.'s Rule 26(a)(2)(C) Disclosures, ECF No. 34).

During her deposition, Plaintiff testified that Mr. Kundera was employed full-time as the owner of a medical supply business. *See* Pl.'s Opp'n to Def.'s S.J. Mot. Ex. 10, Deposition of Tiffani Jones ("Pl.'s Dep.") 11:9–21, 12:7–14, ECF No. 59-7. She also testified that he had no education, training, or experience in construction or environmental testing. *Id.* at 21:13–22:9. However, in his Affidavit, Mr. Kundera attests that he is "an InterNACHI certified home inspector[,] [c]ertified by the Accrediting Council for Continuing Education and Training (ACCET), [which is] a nationally recognized agency of national post-secondary institutions for the U.S. Department of Education." Kundera Aff. ¶ 8. He offers several opinions based on his purported "knowledge, training and experience as a Certified InterNACHI Home Inspector[,]" including, for example, that "[NVR] . . . did not perform drying process and didn't perform limited or full containment in order to properly perform mold remediation in bathroom or family room area which breaches performance standards and standard of care in mold remediation"; that NVR did "not meet safety or construction performance standards when they used orange spray foam fire block to anchor PVC pipe to subfloor after cutting drain hole to[o] large"; and that "NVR hired an unlicensed . . . mold remediation company . . . to perform remediation . . . which breaches performance standard of care in mold remediation in the District of Columbia." *Id.* ¶¶ 16–18.

These statements plainly amount to "opinions" based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701, 702. But Plaintiff did *not* disclose Mr. Kundera as an expert witness under Rule 26(a)(2)(B) or 26(a)(2)(C), nor did she comply with the other requirements of either rule. Her "Rule 26(a)(2)(C) Disclosures," explicitly characterized as Mr. Kundera a "lay witness," which means that any opinion testimony would have to be "rationally

based on [his] perception" and "*not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c).  It provided *no* indication that Mr. Kundera would seek to offer testimony based on training or knowledge as a "certified home inspector."

    4.  <u>Repair Estimates</u>

Plaintiff also indicates in her Counter-Statement of Disputed Facts that she "retained" (1) Boston Environmental & Contracting, Inc. to "test for mold," Pl.'s Counter-Stmt. ¶ 26; (2) Michael & Son Services as an "[i]ndependent plumber[ ]," *id.* ¶¶ 15, 27, 28, 30; and (3) Karma Home Designs LLC as an "independent contractor[ ]," *id.* ¶¶ 15, 27, 28, 30.  Plaintiff relies upon "estimates" prepared by each company.

The estimate for "mold remediation services," prepared by Boston Environmental & Contracting, dated November 21, 2019, provides an estimate of costs for "mold remediation" and "post remediation testing."  Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ15, Boston Environmental & Contracting, Inc. Mold Remediation Proposal ("Boston Environmental Proposal"), ECF No. 59-9. It provides no indication that this company conducted any testing for toxic mold, as Plaintiff suggests.  The estimate prepared by Michael & Son Services, dated May 18, 2020, includes a list of "tasks" such as "tear our drywall," "dehumidifier," and "ducting," with a total estimated cost of $4,500."  Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ19, Michael & Son Services Estimate, ECF No. 59-13.  Similarly, the estimate prepared by Karma Home Designs LLC, dated November 6, 2019, provides an estimate for "Master BA Reno," which includes tasks such as "[re]install new double vanity and sink faucet," "[r]einstall toilet," and "[i]nstall new shower and protective membrane[,]" among other tasks.  Pl.'s Opp'n to Def.'s S.J. Mot. Ex. TJ13, Karma Home Designs LLC Estimate, ECF No. 59-23.

Each estimate was prepared months *before* the deadline for expert disclosures in this case. *See* Boston Environmental Proposal (dated November 21, 2019); Karma Home Designs LLC Estimate (dated November 6, 2019); Michael & Son Services Estimate (dated May 18, 2020).  But Plaintiff indicated in her September 29, 2020 filing that she had not retained any expert witnesses to date.  *See supra* Section I(B).  However, her Opposition to Defendant's Motion for Summary Judgment relies on estimates prepared by each company to complete certain services—and she describes these estimates as having been prepared by "retained" experts.  *See, e.g.*, ¶¶ 15, 26, 27, 28, 30.  However, Plaintiff has *never* disclosed the identity of any expert witness who will testify about the preparation or content of these estimates, nor has she otherwise complied with the requirements for providing a "written report" under Rule 26(a)(2)(B) or the summary of facts and opinions of any proposed witness's testimony under Rule 26(a)(2)(C).  Rather, she has acknowledged that she has been unsuccessful in her purported efforts to secure testimony from anyone from these companies.  *See* Pl.'s Opp'n to Def.'s Mot. to Strike at 6–7.

### E.  Plaintiff's "Supplemented Disclosures"

*After* Plaintiff filed her Opposition to Defendant's Summary Judgment Motion, she filed on July 9, 2021 a document entitled "Plaintiff's Supplemented Disclosures," which purports to "supplement[ ] disclosures regarding expert witnesses," identifying three "expert witnesses" and enclosing "expert reports," all of which are dated as being prepared in June or July 2021.  *See* Pl.'s Suppl. Disclosures (and attachments), ECF No. 61.  Plaintiff filed her "Supplemented Disclosures" without the Court's leave and *more than nine months after the deadline for expert disclosures ordered by the Court*.

This "supplemented" filing identifies three "expert witnesses": "Dr. James Pearl[e] (pulmonary and critical care medical expert)"; "Dr. Joseph Spurgeon (certified industrial hygienist)"; and "Ken Broughton (mold testing and remediation)."  Pl.'s Suppl. Disclosures, ECF

No. 61.  She attached to this filing resumes of each identified "expert witness" and an accompanying "report" for each.

Notably, even this "Supplemented Disclosure" does not contain all of the "retained" experts upon which Plaintiff purports to rely in her Opposition to Defendant's Motion for Summary Judgment.  And it includes a different "medical expert" (Dr. Pearle) than Plaintiff identified in her Opposition to Defendant's Summary Judgment Motion. *See supra* Section I(D)(2).

### F.  Defendant's Motion to Strike

After Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment relying extensively on "experts" identified (or not) in her "Supplemented Disclosures," Defendant filed its [63] Motion to Strike, seeking to strike affidavits and exhibits submitted by Plaintiff which rely on expert testimony and/or which Defendant contends are otherwise inadmissible.  *See* Def.'s Mot. to Strike at 2–3.  Because many of the issues raised by Defendant in its Motion to Strike overlap with those in its Motion *in Limine*, the Court addresses both motions in this Memorandum Opinion.

## II.  LEGAL STANDARD

Rule 26(e) obligates a party who has made a Rule 26(a) disclosure, or who has "responded to an interrogatory, request for production, or request for admission" to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" and if the "additional or corrective information has not otherwise been made know to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).  "Sanctions are available for failure to abide by these rules."  *Norden v. Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008).  Rule 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), *the party is not allowed to use that information or witness to supply evidence on a motion*, at a hearing,

> or at a trial, unless the failure was substantially justified or is
> harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added).  In addition, the Court may  "on motion" impose "other appropriate sanctions," including "striking pleadings in whole or in part[.]"  Fed. R. Civ. P. 37(c)(1)(A), (C), (b)(2)(A)(iv).

"Rule 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant." *Norden*, 544 F. Supp. 2d at 49–50 (internal citations and quotation marks omitted). "The overwhelming weight of authority is that preclusion is *required and mandatory* absent some unusual or extenuating circumstances—that is, a 'substantial justification." *Id.* at 50 (internal citations and quotation marks omitted).  "The burden is on the party facing sanctions to prove that its violation was either substantially justified or harmless." *Elion v. Jackson*, 544 F. Supp. 2d 1, 6 (D.D.C. 2008).

## III.  DISCUSSION

In its Motion *in Limine*, Defendant seeks to preclude Plaintiff from offering in support of her claims (a) any expert testimony; and (b) any testimony by fact witnesses beyond what Plaintiff disclosed in her discovery responses.  For the reasons discussed below, the Court shall grant Defendant's Motion *in Limine* to the extent it seeks to preclude Plaintiff from relying on expert testimony or records.  However, the Court shall deny without prejudice Defendant's Motion *in Limine* to the extent it seeks to exclude testimony by lay witnesses.

Defendant also seeks to strike certain exhibits and affidavits (or portions thereof) which rely on undisclosed expert or lay testimony.  To the extent such materials rely on undisclosed experts, the Court shall strike them.  Defendant also seeks to strike other exhibits and affidavits which it contends are inadmissible for various reasons, including that they rely on information by lay witnesses beyond the scope of what Plaintiff offered in discovery.  The Court shall not strike

such exhibits, but shall address the question of their admissibility in its forthcoming Memorandum Opinion addressing Defendant's Motion for Summary Judgment.

The Court recognizes that these sanctions severely limit the evidence and testimony that Plaintiff may offer in support of her Opposition to Defendant's Motion for Summary Judgment. However, these sanctions are appropriate under the circumstances; Plaintiff has repeatedly flouted the discovery obligations and deadlines imposed by the Federal Rules of Civil Procedures and this Court's orders. Plaintiff concedes that the first time she disclosed the identity of any expert in this case was in her Opposition to Defendant's Motion for Summary Judgment and her "Supplemented Discovery Filing"—both of which were filed *months* after the deadlines ordered by the Court. Pl.'s Opp'n to Mot. to Strike at 3. In effect, Plaintiff seeks to unilaterally re-open discovery only *after* Defendant filed its motions identifying the difficulties Plaintiff would have face proving her claims in the absence of expert testimony. The Court shall not tolerate such blatant disregard for its orders and the governing Federal Rules.

### A. Plaintiff Shall Be Precluded From Relying on Experts.

Defendant first seeks to preclude Plaintiff from introducing *any* expert testimony to support her response to Defendant's motion for summary judgment because she failed to disclose any experts during discovery. *See* Def.'s Mot. *in Limine* at 8–12. As previously noted, Plaintiff concedes that she did not disclose *any* expert witnesses before the September 30, 2020 deadline set by the Court *or* by the deadline for the close of discovery; she admits that she first disclosed the "experts" by relying upon them in her Opposition to Defendant's Motion for Summary Judgment and by listing certain of them in her subsequent "Supplemented Discovery Filing." Pl.'s Opp'n to Def.'s Mot. to Strike at 3. Plaintiff's untimely disclosures plainly contravene the Court's Scheduling & Procedures Order, as well as the requirements of Rule 26(a) and (e). Accordingly,

Plaintiff must demonstrate that her violation of these rules was "substantially justified" or "harmless" to evade the "self-executing sanction" of Rule 37(c)(1).  Plaintiff has failed to do so.

In her Opposition to Defendant's Motion *in Limine*, Plaintiff presents an extensive discussion of legal authority assessing whether expert testimony is "admissible," contending that she has "sufficient evidence" to prove her claims.  Pl.'s Opp'n to Def.'s Mot. *in Limine* at 8–12.  These arguments say nothing of her obligations under Rule 26(e), nor do they offer *any* support that her failure to timely disclose experts was "substantially justified" or "harmless."  Fed. R. Civ. P. 37(c).  Only in her Opposition to Defendant's Motion to Strike does Plaintiff contend that her belated expert disclosures should be excused based on a "reasonable interpretation of the disclosure requirements, the discovery schedule and the continuing nature of discovery."  Pl.'s Opp'n to Def.'s Mot. to Strike at 9.  Plaintiff's argument is misplaced.  Rule 26(e) imposes "a duty to supplement incorrect or incomplete information"; it "does not, however, bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline[.]"  *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, Civil Action No. 05-2115(CKK), 2007 WL 1589495, at *9 (D.D.C. June 1, 2007) (quoting *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001)); *see also Wannall v. Honeywell Intern., Inc.*, 292 F.R.D. 26, 35 (D.D.C. 2013) (internal citation omitted) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation.").  "In short, Rule 26 imposes a duty on [Plaintiff]; it grants [her] no right to produce information in a belated fashion," nor does it afford Plaintiff "the right to ignore the Court's deadlines, reopen discovery, find 'new facts,' [and] generate new expert reports[.]"  *St. Paul Mercury Ins. Co.*, 2007 WL 1589495, at *9.

Plaintiff further contends that Defendant "suffered no harm" from her untimely expert disclosures because Plaintiff produced the records upon which these experts purportedly relied during discovery.  *See* Pl.'s Opp'n to Def.'s Mot. to Strike at 5–6, 9.  This argument also fails. Rule 26(a)(2) provides clear prerequisites for a party seeking to rely on expert testimony.  Here, it was *Plaintiff's* burden to comply with those requirements in accordance with the schedule set by the Court.  *See Antoine v. J.P. Morgan Chase Bank*, Civil Action No. 08-615(HHK)(AK), 2009 WL 5842054, at *3 (D.D.C. Aug. 13, 2009) ("Rule 26(a)(2) places an affirmative burden on parties to disclose certain information about their testifying experts and to do so in accordance with any schedule the court orders.").  It was *not*, as Plaintiff suggests, Defendant's burden to sift through her document productions and assume that certain documents would become the subject of expert testimony. *Cf. Iancangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011) ("[I]t is not the responsibility of opposing counsel to elicit the disclosures required from experts; Rule 26 clearly places that burden squarely on the party who has retained the expert.").

Moreover, Plaintiff's failure to comply with Rule 26(a)(2) by the court-ordered deadline *did* cause harm, by depriving Defendant of "the information [it] was entitled to in order to make a fully informed determination whether to, and if so how to, depose [Plaintiff's] experts[,]" and forcing Defendant to "complete the discovery process" *and* to file its dispositive motion "without the benefit of full disclosures regarding experts, a benefit to which [it] was entitled." *Antoine*, 2009 WL 5842054, at *4 (internal quotation marks omitted) (quoting *Scott v. Dist. of Columbia*, 246 F.R.D. 49, 52 (D.D.C. 2007)).

Finally, Plaintiff contends that her failure to identify experts within the time period ordered by the Court was "substantially justified" because she attempted "for months" to retain "[t]he original professionals who performed the mold tests [and] structural defects inspections" and

"treating physicians." Pl.'s Opp'n to Def.'s Mot. to Strike a 9–10.  It appears that Plaintiff's efforts were unsuccessful, except as to Mr. Ken Broughton—who agreed to participate as an expert, according to Plaintiff, at an unspecified time after the deadline for the completion of discovery had passed.  Pl.'s Opp'n to Def.'s Mot. to Strike at 9–10.  However, Mr. Broughton completed his inspection in October 2019—approximately one year before expert disclosures in this case were due.  Plaintiff's complaint about the "fast-paced discovery process" rings hollow in light of the ample time she had to retain expert witnesses. *Id.* at 10.  And notably, Plaintiff *never* sought the Court's leave to extend or re-open discovery while she attempted to secure experts, as she now claims she attempted to do. *See Wannall*, 292 F.R.D. at 36 (explaining that "the manner in which the plaintiff" submitted a supplemental expert report was "not substantially justified" or "harmless" because the plaintiff did not "ask the Court to reopen expert discovery[.]").  Instead, she endeavored to re-open discovery (without the Court's leave) months after the discovery deadline passed, and after Defendant had already disclosed its own experts *and* filed its motion for summary judgment.  The Court shall not condone Plaintiff's disregard for this Court's orders and the Federal Rules by permitting her to unilaterally re-open discovery and introduce new experts and evidence into the case when she previously failed to do so.

Plaintiff has failed to demonstrate that her failure to timely disclose expert witnesses in accordance with Rule 26(a)(2) was substantially justified or harmless.  Therefore, she is barred from using these witnesses or any accompanying "reports" as evidence in response to Defendant's motion for summary judgment.  Fed. R. Civ. P. 37(c)(1).

### B. Affidavits and Exhibits Submitted by Plaintiff Related to Untimely Disclosed Experts Shall Be Stricken.

Defendant's Motion to Strike asks the Court to strike certain exhibits and affidavits pertaining to expert or "retained" witnesses or entities that Plaintiff did not timely disclose, as well

as other evidence submitted by Plaintiff which Defendant contends is "inadmissible."  *See generally* Def.'s Mot. to Strike.  As set forth below, the Court shall strike certain expert-related affidavits and exhibits pursuant to Federal Rule 37(c)(1)(c) and based on Plaintiff's failure to disclose them during discovery by the Court-ordered deadlines as discussed *supra* Section III(A).  *See, e.g.*, *Wannall*, 292 F.R.D. at 37 (granting motion to strike untimely expert report); *Iacangelo*, 272 F.R.D. at 234 (striking "supplemental" expert report that was not disclosed until after the close of discovery).  However, the Court shall reserve any analysis of the "admissibility" of other exhibits.

Based on the Court's conclusion *supra* Section III(A) that Plaintiff failed to comply with her obligations under Rules 26(a) and 26(e) with respect to disclosing expert testimony and that her failure was not "substantially justified," or "harmless," the Court shall strike the following materials prepared by the individuals or entities upon which she relies as "experts" or otherwise "retained" by her:

- Pl.'s Ex. TJ1, Ken Broughton Mold Inspection (ECF No. 59-4);
- Pl.'s Ex. TJ2, Ken Broughton Mold Report (ECF No. 59-5);
- Pl.'s Ex. TJ15, Boston Environmental & Contracting, Inc. Mold Remediation Proposal (ECF No. 59-9);
- Pl.'s Ex. TJ19, Michael & Son Repair Estimate (ECF No. 59-13);
- Pl.'s Ex. TJ24, SEEML Labs Mold Test Report (ECF No. 59-16);
- Pl.'s Ex. TJ29, Dr. Spurgeon Mold Report (ECF No. 59-20);
- Pl.'s Ex. TJ32, Ken Broughton Affidavit (ECF No. 59-21);
- Pl.'s Ex. TJ13, Karma Home Repair Estimate (ECF No. 59-23);
- Pl.'s Ex. TJ14, Boston Environmental & Contracting, Inc. DCRA License (ECF No. 60-8);
- Pl.'s Ex. TJ28, Dr. Joe Spurgeon Resume (ECF No. 60-10);
- Pl.'s Ex. TJ30, Dr. Ross Myerson Resume (ECF No. 60-11); and
- Pl.'s Ex. TJ31, Ken Broughton Resume (ECF No. 60-12);

In addition, the Court shall strike the portions of Mr. Kundera's Affidavit which rely on his purported training as a "certified home inspector" which on their face involve opinions derived from scientific, technical, or other specialized knowledge, and therefore should have been

disclosed pursuant to Rule 26(a)(2)(C) by September 30, 2020.   The Court shall strike the following portions of Mr. Kundera's Affidavit: p. 1 ¶ 8; p. 4 ¶ 16, pp. 5–6 ¶¶ 17–21; pp. 7–13 (beginning with the phrase "The cost to repair . . ." and through the entirety of pages 8, 9, 10, 11, 12, and 13 except for the affirmation at the bottom of page 13).

The remainder of Defendant's Motion to Strike addresses other evidence and discovery responses submitted by Plaintiff in support of her Opposition to Summary Judgment, which Defendant contends are conclusory, contradict Plaintiff's deposition testimony, are irrelevant, and/or are otherwise inadmissible for various reasons (*e.g.*, inadmissible hearsay, lack of authentication).   *See* Def.'s Mot. to Strike at 2–3.   The court shall deny Defendant's motion to strike as to these remaining materials, but shall address the extent to which it shall consider them, if appropriate, in its forthcoming Memorandum Opinion addressing Defendant's Motion for Summary Judgment.

### C.  The Court Shall Deny Without Prejudice Defendant's Motion *in Limine* to Limit Testimony by Lay Witnesses.

Defendant also seeks to preclude Plaintiff from offering any testimony by lay witnesses other than testimony about the topics indicated in her Rule 26(a)(1)(A) Initial Disclosures and responses to Defendant's Interrogatories, as described *supra* Section I(A).   Def.'s Mot. *in Limine* at 12–13.   Defendant contends that Plaintiff did not correct the deficiencies in her Initial Disclosures identified by Defendant's counsel, nor did she supplement her disclosures.   *Id.* at 12. Similarly, Plaintiff's Interrogatories provided, at best, minimal details about the knowledge of Mr. Kundera or Ms. April Jones.   *See supra* Section I(A).   However, NVR elected not to depose either of these witnesses—despite being aware of the nature of their relationships with Plaintiff, including that Mr. Kundera is her husband, and lived at the home at issue in this case.   *See* Def.'s

Suppl. Mot. *in Limine* Reply at 4 ("NVR did not depose Mr. Kundera based upon . . . plaintiff's disclosure because the scope of facts within Mr. Kundera's knowledge was so limited.").

In her Opposition to Defendant's Motion *in Limine*, Plaintiff does not specifically address Defendant's arguments seeking to limit the scope of testimony by April Jones and Anthony Kundera.  However, upon review of Plaintiff's Opposition to Defendant's Motion for Summary, it appears that Plaintiff does not rely on testimony by April Jones.  As previously noted, Plaintiff *does* submit Mr. Kundera's Affidavit in support of her Opposition—portions of which the Court shall strike for the reasons indicated *supra* Section III(B).  Defendant seeks to strike additional portions of Mr. Kundera's Affidavit on the basis that it contains representations outside the scope of the subjects that Plaintiff identified in her Initial Disclosures and Interrogatory Responses.  *See* Def.'s Mot. to Strike, Ex. 2, ECF No. 63-4.

Although the Court agrees that Plaintiff's identification and description of these witnesses and their knowledge of the facts in this case was, at best, sparse, it shall not exclude their testimony at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion *in Limine* to the extent it seeks to preclude Plaintiff from relying on expert testimony or records, but **DENIES WITHOUT PREJUDICE** Defendant's Motion *in Limine* to the extent it seeks to preclude testimony by lay witnesses.  The Court also **GRANTS** Defendant's Motion to Strike as to untimely disclosed expert reports and records, but **DENIES without prejudice** the remainder of Defendant's Motion to Strike.   An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

**Date**: March 29, 2022